## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Anthony Cosmano, | ) | NO. 24-09140 |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Honorable Judge Timothy A. Barnes |

### NOTICE OF HEARING

TO:   **United States Trustee**, 219 S. Dearborn, Room 873, Chicago, Illinois 60604 (electronically via ECF)
**Internal Revenue Service**, P.O. Box 7346, Philadelphia, PA 19101 (via US Mail)
**Internal Revenue Service**, Mail Stop CH1 230 S. Dearborn, Chicago, IL 60604 (via US Mail)
**Attorney General of the United States Tax Division (DOJ),** PO Box 55 Ben Franklin Station, Washington, DC 20530 (via U.S. Mail)
**Civil Process Clerk**, Office of the United States Attorney for the Northern District of Illinois, 219 S. Dearborn, 5th Floor, Chicago, IL 60604 (via U.S. Mail)
**Internal Revenue Service**, Attn: R. Vega (Bankruptcy Specialist), 230 S. Dearborn, Room 2600 M/S 5014CHI, Chicago, IL 60604 (via U.S. Mail)
**Thomas H. Hooper**, Office of the Chapter 13 Trustee, 55 E. Monroe St. Suite 3850, Chicago, IL 60603 (By ECF Electronic Delivery)
**Noah D Glover-Ettrich**, United States Department of Justice, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, DC 20044 (By ECF Electronic Delivery)

PLEASE TAKE NOTICE that on February 6, 2025, at 9:30 a.m., I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, either in courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois or electronically as described below, and present the **DEBTOR'S OBJECTION TO CLAIM 3-1 & 3-2 OF DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE**, a copy of which is attached.

Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person. To appear by Zoom using the internet, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode. To appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode. Meeting ID and passcode. The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

### Certificate of Service

I, Paul Bach, hereby certify that I caused a copy of this notice to be served by the method stated on the service list above upon the above parties on January 6, 2025 before the hour of 5:00 p.m. from the office located in Northbrook, IL 60062.

BY: /S/ PAUL M. BACH
BACH LAW OFFICES
PO BOX 1285
NORTHBROOK, IL 60065
PHONE: (847) 564-0808
FAX: (847) 564-0985
ATTORNEY NO: 6209530

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Anthony Cosmano, | ) | NO. 24-09140 |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Honorable Judge Timothy A. Barnes |

**DEBTOR'S OBJECTION TO CLAIM 3-1 & 3-2 OF DEPARTMENT OF THE
TREASURY-INTERNAL REVENUE SERVICE**
_____

**NOW COME,** James Anthony Cosmano ("Debtor"), by and through his attorney, Paul M.

Bach and Penelope N. Bach of Bach Law Offices, Inc., and pursuant to Federal Bankruptcy

Procedure Rule 3007, Objecting to Claim 3-2 & 3-2 of the Department of the Treasury-Internal

Revenue Service ("IRS") and in support thereof, states as follows:

1. The Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on

June 21, 2024 as Northern District of Illinois Case Number 24-09140 ("the current bankruptcy

case).

2. Prior to the filing of the current bankruptcy case the Debtor filed Chapter 7 case 19 B

13287 on May 8, 2019 and a Chapter 7 Discharge was entered on August 13, 2024. A copy of

the Chapter 7 Discharge in Case 19 B 13298 is attached as Exhibit 1.

3. On April 13, 2021, the Debtor in this case filed Adversary 21 A 00059 ("the Adversary

Proceeding") in regard to dischargeability of the same taxes that are asserted by the IRS in the

Proof of Claims filed by the IRS in the current bankruptcy case. The Adversary Proceeding

was vigorously litigated by the Debtor in the current bankruptcy case and the United States of

America which was represented by the United States Department of Justice, Tax Division.

4.   After both sides moved for Summary Judgment and the court ruled on various discovery motions of the United States the Bankruptcy Court in the Adversary Proceeding requested briefs and jurisdiction and whether the court had subject matter jurisdiction over the Adversary Proceeding. *See Transcript from October 22, 2022 attached as Exhibit 2*.

5.   On November 21, 2022 both the Debtor and the United States filed Briefs on the subject matter jurisdiction issue asserting that the bankruptcy court did indeed have subject jurisdiction to decide the pending Motions for Summary Judgment. See Dockets 93 & 94 in the Adversary Proceeding.

6.   On December 12, 2022, the bankruptcy court disagreed with the Debtor and the United States unified position and found the bankruptcy did not have subject matter jurisdiction and the dismissed the Adversary Proceeding. *See Transcript from October 22, 2022 attached as Exhibit 3*.

7.   In the December 12, 2022 ruling the bankruptcy court stated on page 15 of 22, lines 7 to 15 in reference to the Debtor Chapter 7 Discharge and filing a new Chapter 13 case stated:

> With limited exceptions not relevant here, a potentially nondischargeable debt is discharged until a court determines otherwise. In re Prate, 634 B.R. 72, 78 (Bankr. N.D. Ill. 2021). So Cosmano's tax debt is currently discharged. Because it is, the debt doesn't count against the unsecured debt limit in section 109(e) and wouldn't prevent him from filing a chapter 13 case. See In re Washington, 602 B.R. 710, 715 (B.A.P. 9th Cir. 2019).

and the court later states on page 18 of 22, line 13 to 15 as follows:

> Right now, the tax debt is discharged, Prate, 634 B.R. at 78, and Cosmano can treat it as such.

8.   No party appealed the bankruptcy court's final order of December 12, 2022.

9.   Based on the filing date the governmental claim bar date was on December 18, 2024.

10. On October 22, 2024, the IRS filed a proof of claim in the total amount of $8,355,333.73. *See* attached Exhibit 4 which is a true and accurate copy of the Proof of Claim ("Claim 3-1") filed by the IRS. Claim 3-1 claims the amount due are all unsecured nonpriority.

11. On November 19, 2024, the IRS filed a proof of claim in the total amount of $8,355,333.73. *See* attached Exhibit 5 which is a true and accurate copy of the Proof of Claim ("Claim 3-2") filed by the IRS. Claim 3-1 bifurcates the IRS claim into a secured claim of $397,440.00 and unsecured non priority claim of $7,957,893.73.

12. The IRS claims in their entirety (Claim 3-1) and (Claim 3-2) violate the Chapter 7 discharge is case 19 B 13287 and the filing of the Proof of Claim by the IRS/United States violates the Discharge Injunction in Case 19 B 13287 pursuant to 11 USC 524. On this basis, Proof of Claims 3-1 and 3-2 should be denied and Proof of Claim 3-1 and 3-2 valued at $0.00

13. The secured portion of the IRS claim was not made until the day after the governmental claim bar date had run and any secured claim by the IRS is barred.

14. The Debtor's Schedule AB indicates that the Debtor has an interest in real estate at 2205 West Lawrence, Mount Prospect, Illinois ("the property") and that the fair market value of that property is $120,000.00. The mortgage for the property (Claim 1-1 of Nationstar Mortgage LLC) is $127,559.95. The property has no equity and no there is not equity in the property for the alleged secured claim of the IRS to attach even if the IRS claim can be asserted and was not discharged by the Chapter 7 discharge.

15. Claim Number Three (3-1 and 3=2) should be modified by this Court pursuant to 11 USC 502(b)(1) on that basis to a claim of $0.00 and any amount due the Internal Revenue Service prior to April 13, 2021 is discharged and may not be asserted by the IRS.

### STANDARD

16. A proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Rule 3001(f).

17. "Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity." *In re Dugar,* 392 B.R. 745, 749 (Bankr.N.D.Ill 2008). Based on the bankruptcy court's ruling on December 12, 2022, the Debtor here has shifted the burden to the IRS and/or the United States.

18. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *In re Vanhook¸* 426 B.R. 296, 299 (Bank.N.D. Ill. 2010).

19. "However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

**WHEREFORE**, the Debtor, James Anthony Cosmano ask this Honorable Court for the following relief:

A. The Debtor's Objection to Claim 3-1 and 3-2 is sustained and all amounts owed to the IRS as of April 13, 2021 were and are discharged;

B. Denying Claim 3-1 and 3-2 and no amount shall be paid pursuant to Claim 3-1 and 3-2 by the Chapter 13 Trustee;

C. In the alternative, determining that the IRS has no secured claim as there is no security for any secured claim to attach to in the event the IRS has a valid claim and that the IRS must release any and all security interest as to the Debtor upon entry of an order by this court;

D.  Discharging any obligation the Debtor has to the Internal Revenue Service and/or the

United States of America;

E.  For any and all other relief this Court deems fair and proper.


Dated: January 6, 2025                                    Respectfully Submitted,

/s/ Paul M. Bach
BACH LAW OFFICES, INC.
P.O. BOX 1285
NORTHBROOK, IL 60062
PHONE: (847) 564 0808