1

                IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF DIVISION
                        EASTERN DIVISION


JAMES COSMANO,                        )
                                      )  No. 21 A 00059
                    Plaintiff,        )
                                      )
            vs.                       )
                                      )
UNITED STATES OF AMERICA,             )  Chicago, Illinois
                                      )  October 24, 2022
                    Defendant.        )  10:00 a.m.
------------------------------        )
                                      )
JAMES COSMANO,                        )  No. 19 B 13287
                                      )
                    Debtor.           )


       TRANSCRIPT OF PROCEEDINGS VIA ZOOM BEFORE THE
              HONORABLE A. BENJAMIN GOLDGAR



APPEARANCES:

For the Debtor:          Mr. Paul Bach;

For the United States:   Mr. Jeffrey Nunez;
                         Mr. Noah Glover-Ettrich;

THE CLERK:  Line number 21, James Cosmano; Cosmano v. United States of America.

MR. NUNEZ:  Good morning, Your Honor.  Jeff Nunez on behalf of the defendant the United States.  With me is co-counsel Noah Glover-Ettrich.

THE COURT:  Good morning.

MR. GLOVER-ETTRICH:  Good morning, Your Honor.

MR. BACH:  Good morning, Your Honor. Paul Bach on behalf of James Cosmano.

THE COURT:  Good morning.  This morning we have the government's motion to compel discovery responses, responses to its first round of discovery which consists of a document request and a set of interrogatories.

There are three parts to this, but apparently I only need to address one, and that's the basic one about the responses themselves. There's been a lot of ink spilled over whether the responses were late, and whether the objections that Mr. Cosmano has raised were boilerplate, and therefore whether on either or both grounds objections have been waived.  All completely irrelevant because Mr. Cosmano answered each time

by saying without -- you know, notwithstanding those objections and without waiving them, here is my response. So Mr. Cosmano went ahead and responded, and all of the rest of that was just sort of wasted breath.

There is also a fair amount of discussion of his response that "the investigation continues," but that doesn't mean anything anymore because Rule 26 has imposed a duty upon parties to supplement their responses. And even if he hadn't said that, he would have had an obligation to continue his investigation. And there are consequences if he later finds documents and doesn't produce them and then tries to use them at trial.

So that brings us to the responses themselves. He answers all of them except one. On the document request -- well, actually on most of the requests, he says he has no documents and he says he has no information, and he signs and verifies the response. If he says he has no documents, then he has no documents. So I don't know what it is that the government thinks I can do about that. You can't order someone to produce a document that does not exist. If he said he doesn't have them, he doesn't

Case 24-09405 Doc 6-493 Filed 01/06/23 Entered 01/06/23 15:22:49 Desc Exhibit 2 - Transcript 10/22/2012 Page 4 Page 104 of 10

4

have them.

The only response I found questionable at all was the response to interrogatory number 10 about whether he has conducted transactions since January 1st, 2007, involving more than a thousand dollars either in cash or using checks or money orders. And in response to that -- and then the interrogatory goes on to ask for various detail.

And in response he says, well, I might have. That's not enough. I mean, either he did or he didn't. And if he did, he has to specify, and he has to give the government the information that it's asking for.

So, I'll grant the motion as to interrogatory number 10, and otherwise on all the other requests the motion will be denied.

MR. NUNEZ: Your Honor --

THE COURT: That's the ruling. So, I'm afraid you've told me everything you have to say, and I'm not really interested in hearing any more.

There are two other points to the motion. The first is the assertion that the government makes that Mr. Cosmano is guilty of

Case 24-09004-59 Doc 26-493 Filed 01/06/23 Entered 01/06/23 15:22:49 Desc Exhibit 2 - Transcript 10-22-2022 Page 5 Page 5 of 10

5

spoliation. That is not clear from the documents that I have. The government also doesn't seem to want me to do anything about it right now. The government says that the time isn't right for me to deal with this. I actually think that's accurate because I don't think I have enough information to conclude that there's been spoliation.

In this circuit, in order to have spoliation, there not only has to be destruction of documents, there has to be destruction of documents in bad faith, and that means with intent to deprive the other side of evidence. I don't have that yet. So even if, as the government asserts, he had a duty at some point -- and the exact point isn't quite clear to me from the papers -- to preserve documents, and even if, as Mr. Cosmano acknowledges, he's destroyed every document he ever had, that doesn't prove spoliation. I would need more.

There's a question about when the time would be right to decide that. I would at the very least need an evidentiary hearing. I don't know whether we need to do that before trial or whether it can be done at trial. There are views both ways on this. But the government isn't asking me to do anything about it now. So I'm not going to do

anything about it now, and that will simply be out there.

MR. NUNEZ: Your Honor, if I could just say, our motion only asks for the Fifth Amendment to be reserved. We actually did request a ruling on spoliation.

THE COURT: No, sir, you did not. You said at page 7 of your brief, "because he admits to the destruction, it appears that all that remains for the court to do is decide on an appropriate sanction when the time is right." So apparently it is not right, and I don't agree with you that that's an accurate statement of the facts and the law.

Admitting that he destroyed the documents is not enough under the case law in this circuit to show spoliation. You have to show more. I can set it for a hearing if you want or we can save it for trial, but I'm not deciding it now.

Then we reach the Fifth Amendment privilege point. You're not asking me to overrule the assertion of privilege. You're asking me to do nothing. And you apparently have asserted it "protectively," which I don't understand at all. But if you think you've protected yourself, that's great.

Case 24-01405 Doc 6-4   Filed 11/06/23   Entered 11/06/23 13:22:49   Desc Exhibit 2 - Transcript 10/22/2022 Page 7   Page 7 of 10

7

There's nothing for me to do.

Now, I have another concern here that I want to address, and that is, I am not confident that I have subject matter jurisdiction because I don't know from the pleadings that I even have a case or controversy.

Let's look at the complaint and the answer.  In paragraph 10, Mr. Cosmano alleges that "in the past few weeks the United States has made accusations in this court and other forums that the tax years in question are not dischargeable" under Section 523(a)(1)(C).  I assume he means the debts for those years.  And to that the government responds, well, the tax debt "may be" excepted from discharge, and as to the rest, we don't know.

Then Mr. Cosmano alleges in paragraph 12(d) that his tax liability "doesn't include debt with respect to which he made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability," which is an indirect way of saying he didn't make a fraudulent return and didn't willfully attempt to evade or defeat his tax liability.  To which the government again says, we don't know.

Case 24-09004-5-DMW Doc 6-3 Filed 01/06/23 Entered 01/06/23 15:22:49 Desc Exhibit
2 - Transcript 2022 Page 8 Page 08 of 10

8

That's not enough to produce a case or controversy. I don't care what the government may be saying about whether it thinks the debts are non-dischargeable or not. If it's not trying to collect the debt and not threatening to collect the debt – I'm not even sure that would produce a case or controversy – and then I don't have jurisdiction over this. I will have jurisdiction when the government tries to do something.

And there is case law on this. I would refer the parties to a case called Erikson, Eastern District of Michigan –– and write this down because you're going to brief this –– 2013 WL 2035875. This apparently has happened more than once. In that decision, Judge Shapero dismisses a similar adversary proceeding from a debtor, finding there is no jurisdiction, and cites other cases from Ohio in which the same thing happened.

So I am going to stay proceedings on the summary judgment motion, and I want briefs from the parties, simultaneous briefs –– don't ask to file a brief in excess of 15 pages –– answering the question whether I even have a justiciable controversy here, because I will tell you that the pleadings suggest that I don't.

Case 24-09040 Doc 6498   Filed 01/06/23   Entered 01/06/23 13:22:49   Desc Exhibit
2 - Transcript of 22 2022 Page 9 Page 09 of 10

9

And those briefs will be due on November 21.  And we will come back on the 12th when we're scheduled to come back anyway, the 12th of December at 10:00.  And if I have jurisdiction, if you have convinced me that I have a justiciable controversy, then I will give you a new date on the summary judgment motions.  And if you haven't convinced me, I will dismiss this action without prejudice for lack of jurisdiction.  And I will see you then.

MR. NUNEZ:  Thank you, Your Honor.

THE COURT:  Thank you.

MR. NUNEZ:  Thank you, Your Honor.

I just wanted to ask, if the proceedings for the motion for summary judgment are stayed, then the government's reply which is currently due this Friday would not be due until we handle the jurisdictional issue, correct?

THE COURT:  That is correct.  I wouldn't bother because I really have serious doubts about whether we should even be spending all of this time.

MR. NUNEZ:  Understood, Your Honor. Thank you.

THE COURT:  I will give you more

time then.

(Which were all the proceedings had in the above-entitled cause, October 24, 2022, 10:00 a.m.)

I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE. /S/