**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Anthony Cosmano, | ) | NO. 24-09140 |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Honorable Judge Timothy A. Barnes |

**AGREED ORDER REFLECTING REPORT OF PARTIES' RULE 26(F) CONFERENCE**
**ON THE DEBTOR'S OBJECTION TO CLAIM 3 AND COURT STATUS**
**CONFERENCE HELD ON**

Pursuant to the Court's order of July 10, 2025, counsel for the parties met and conducted a conference pursuant to Fed. R. Civ. P. 26(f) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7026), and the Court conducted a scheduling conference on August 5, 2025.  The parties then started taking steps to conduct what discovery was needed when the lapse in government appropriations occurred on October 1, 2025, meaning that counsel for the United States was precluded from working on the case.  The parties attended a status conference with the Court on November 12, 2025, where they reported that upon restoration of funding to the Department of Justice they would submit a proposed order to reset the various pre-trial deadlines in this case.  In view of those conferences and the prior 26(f) report, the parties have submitted a Discovery Plan which the Court incorporates into this Court Order as follows:

A.      Initial Disclosures

The prior Adversary Proceeding (Bankr. N.D. Ill. No. 21-ap-59) made substantial disclosures.  No additional disclosures are necessary at this time.  Parties shall amend their disclosures pursuant to Fed.R.Civ.P. 26(e) should the need arise.

B.       Length of Discovery

Fact discovery in this case is open,  and will span at least six months, starting on January 1, 2026, with a reasonable time period for trial preparation after discovery closes.

The fact discovery deadline shall be June 30, 2026, with a status conference to follow in 30 days, or as soon as the Court can schedule it thereafter.

The parties advise that at this stage they do not foresee the need for expert discovery. Should that change, the parties will confer and then advise the Court on a proposed format and schedule for expert disclosures and discovery.

The presumptive limit of 10 depositions and 25 interrogatories per party shall apply in this case; those limits shall not include any depositions taken or interrogatories served in the prior Adversary Proceeding.

C.       Service and Format of Production

Disclosures and discovery requests and responses may be served electronically via email to a party or the party's attorney of record.

E.       Dispositive Motions

No dispositive Motions are allowed as the Court has already denied Cross Motions for Summary Judgment.

F.       Status Hearing Calendared

Pursuant to the Court's order of August 5, 2025, a status hearing was held on November 12, 2025, at 9:30 a.m. (CST).  The Court may set a mid-discovery status conference to have the parties give an update if the Court so desires.  The Court will set a status conference 30 days after the conclusion of discovery or as soon thereafter as practicable, if one was not previously calendared.

G.       Debtor James Cosmano will no longer be asserting the 5th Amendment

In the prior Adversary Proceeding, the Debtor asserted the Fifth Amendment to the United States Constitution, and refused to answer questions posed to him at a deposition noticed by the United States, and declined to respond to certain written discovery requests.  The Debtor is now withdrawing the assertion of the Fifth Amendment privilege against compelled testimony. As a result, certain written discovery propounded by the United States during the prior Adversary Proceeding will need to be updated by the debtor in an additional set of responses which the debtor has agreed to provide within 45 days of this order being entered.  The United States has indicated that based on this change in privilege assertion, the government States will retake the Debtor's deposition.

H.      <u>All prior written discovery shall be treated as if it was served and produced in this case</u>

The parties conducted extensive written discovery between them, as well as third-party discovery.  To streamline matters in this case, all written discovery in any past litigation between the United States and James Cosmano shall be treated as-if it were produced in this litigation, and will be admissible to the same extent as it would be admissible if that discovery were taken in this case, subject to the Federal Rules of Evidence.

**DATED**:  December 18 , 2025

_____
United States Bankruptcy Judge

Agreed to:                                                Agreed to:

_/s/ Paul M. Bach_                          _/s/ Jeffrey N. Nuñez (with consent)_
Paul M. Bach                                  Jeffrey N. Nuñez
Bach Law Offices, Inc.                    United States Department of Justice, Civil Division
555 Skokie Blvd. #250                   Tax Litigation Branch
Northbrook, IL 60062                     P.O. Box 55
(847) 564-0808                               Washington, D.C. 20044
paul@bachoffices.com                    (202) 616-5218
_Counsel for Debtor_                        Jeffrey.N.Nunez@usdoj.gov
                                                        _Counsel for the United States_