Form G-3

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION          DIVISION

In re:  James Anthony Cosmano                 )    Chapter  13
                                              )
                                              )    No.  24-09140
                                              )
          Debtor(s)                           )    Judge  Timothy A. Barnes

### NOTICE OF MOTION

TO:  See attached list

     PLEASE TAKE NOTICE that on July 2, 2026_____, at _9:30__ a.m.__, I will appear before the Honorable  Timothy A. Barnes_____ , or any judge sitting in that judge's place, **either** in courtroom __744__ of the Everett McKinley Dirksen United States Courthouse    , **or** electronically as described below, and present the motion of Creditor United States of America_____ [to/for] _establish adverse inferences and to bar testimony_____ , a copy of which is attached.

    **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

    **To appear by Zoom using the internet**, go to this link:  https://www.zoomgov.com/. Then enter the meeting ID and passcode.

    **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

    **Meeting ID and passcode.**  The meeting ID for this hearing is __161 329 5276_ , and the passcode is ___433658___.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

        By: /s/Bradley A. Sarnell_____

        BRADLEY A. SARNELL
        Tax Division, U.S. Department of Justice
        P.O. Box 55, Washington, D.C.  20044
        (202) 305-5427;(202) 514-5238 (fax)
        Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

I, Bradley A. Sarnell_____, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on _____June 15, 2026_____, at _5:00 pm___.


/s/Bradley A. Sarnell_____
[Signature]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 24-09140 |
|  | ) | Chapter 13 |
| JAMES A. COSMANO, | ) | Judge Timothy A. Barnes |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CREDITOR UNITED STATES' MOTION TO ESTABLISH ADVERSE INFERENCES AND TO BAR TESTIMONY IN CONTESTED MATTER INVOLVING TAX CLAIMS**

This motion is filed by the Creditor United States of America in the contested matter arising from the Debtor James Cosmano's objection to Proofs of Claim 3-1 and 3-2 filed by the Internal Revenue Service.  Doc. 54. Creditor United States of America, on behalf of the IRS, requests that the Court: (1) establish for purposes of this contested matter that any answers that Debtor James A. Cosmano would have given in response to the United States' Second Set of Interrogatories, Second Set of Requests for Production of Documents, First Set of Requests for Admission, and deposition questions in *Cosmano v. United States of America*, Adv. Proc No. 21-ap-00059 (the "Adversary Proceeding"), would be adverse to his interests and that such evidence is admissible here by agreement of the parties and the Court's order, Doc. 118, , and (2) bar the Debtor from providing any substantive testimony at any trial or hearing, or by affidavit, in this matter.  By letter dated April 24, 2026, the United States requested that counsel for the Debtor provide his position with regard to the United States' requested relief, but the undersigned has received no response.  In support of its motion, the United States submits as follows.

**Brief Background[1]**

On April 16, 2021, the Debtor filed his complaint in the Adversary Proceeding, seeking a declaratory judgment that his federal tax liabilities for the income tax years 2007-2010 were discharged by the Chapter 7 discharge he received in *In re James A. Cosmano*, Case No. 19-13287, on August 13, 2019. (Adversary Proceeding Doc. 1). During the Adversary Proceeding, the United States filed a motion to stay the proceedings in order for the United States to investigate certain representations the Debtor made to this and other courts about the character and value of a Chicago condominium unit that the Debtor owned upon learning that the Debtor had erected a false wall to conceal part of the unit to make it appear smaller than it was. (Adversary Proceeding Doc. 24). Following the Court's resolution of that motion by granting an extension of the fact discovery deadline, the Debtor refused to answer any further discovery in that case, invoking his Fifth Amendment rights with regard to: (1) the United States' Second Set of Interrogatories, (2) the United States Second Set of Requests for Production, (3) the United States' First Set of Requests for Admission, and (4) all questions posed to him at his deposition in the Adversary Proceeding other than the request that he state his name for the record. (Doc. 69-10, 69-11); United States' Exhibit ("Ex.") A, B. The parties fully briefed cross-motions for summary judgment in the Adversary Proceeding but, before those motions could be decided, the judge dismissed the Adversary Proceeding for lack of subject-matter jurisdiction and denied all pending motions as moot. (Adversary Proceeding Doc. 97).

The Debtor filed his Chapter 13 petition in the instant case on June 21, 2024. (Doc. 1.)

---

[1] Given the long history of this case, including litigation in four different cases in this and the district court, the United States is only providing a brief procedural history. A longer explanation of the factual issues underlying this case and the litigation between the parties can be found in the United States' motion for summary judgment filed in *this case*, and the supporting statement of material facts. *See* (Doc. 68 and 69).

2

The parties agreed that the United States is now trying to collect a pre-petition debt which eliminates the Bankruptcy Court's prior ruling that because the IRS was not trying to collect on a debt, the Adversary Proceeding did not present a ripe case or controversy for Article III purposes.  There are several related contested matters in play here.  After the IRS filed its proof of claim, the Chapter 13 Trustee moved to dismiss the bankruptcy case, arguing that the Debtor is ineligible for Chapter 13 relief because his debts exceed the debt limit.  (Doc. 51.)  The United States then objected to the Debtor's Chapter 13 Plan because it failed to provide for his tax liabilities for the income tax year 2007-2010, which were the subject of a judgment entered against him and in favor of the United States, in *United States v. Cosmano*, Case No. 1.17-cv-5721 (N.D. Ill. Jan. 12, 2018) (Doc. 11 therein).  (*See* Doc. 52 in this case.)  In response, the Debtor initiated the instant contested matter by filing an objection to the IRS's proof of claim, arguing that the liabilities had been discharged in his prior Chapter 7 case.  (Doc. 54.)  The Court, recognizing that the Trustee's motion to dismiss and the United States' plan objection would both rise or fall depending on the outcome of the Debtor's objection to the IRS proof of claim, held a hearing on February 6, 2025, and set a deadline—April 7, 2025—for dispositive motions on the Debtor's claim objection.  An early dispositive motion deadline was set in recognition that the parties had engaged in significant discovery in the Adversary Proceeding before it was dismissed.  Now that there was a ripe Article III case or controversy, the evidence gathered in the Adversary Proceeding could be used in this case.  (Doc. 64.)  The parties filed cross-motions for summary judgment, and the Court denied both such motions on July 11, 2025, finding that material facts were still disputed and that the Court could not resolve the cross-motions on the record as it stood in light of the Debtor's professed desire to withdraw his prior Fifth Amendment invocation in the Adversary Proceeding.  (Doc. 97, 99.)

On December 18, 2025, the Court issued an Agreed Order in this contested matter on the

Debtor's claim objection which set a pre-trial discovery schedule, based on the parties' Rule

26(f) report.  (Doc. 118.)  The Agreed Order provided, relevantly, as follows:

> In the prior Adversary Proceeding, the Debtor asserted the Fifth
> Amendment to the United States Constitution, and refused to
> answer questions posed to him at a deposition noticed by the
> United States, and declined to respond to certain written discovery
> requests. The Debtor is now withdrawing the assertion of the Fifth
> Amendment privilege against compelled testimony. As a result,
> certain written discovery propounded by the United States during
> the prior Adversary Proceeding will need to be updated by the
> debtor in an additional set of responses which the debtor has
> agreed to provide within 45 days of this order being entered. The
> United States has indicated that based on this change in privilege
> assertion, the government States will retake the Debtor's
> deposition.
>
> [. . .]
>
> The parties conducted extensive written discovery between them,
> as well as third-party discovery. To streamline matters in this case,
> all written discovery in any past litigation between the United
> States and James Cosmano shall be treated as-if it were produced
> in this litigation, and will be admissible to the same extent as it
> would be admissible if that discovery were taken in this case,
> subject to the Federal Rules of Evidence.

*Id.*

Though his updated discovery responses were due on or before February 2, 2026, Debtor

has declined to provide such responses and has not requested any extension of the 45-day period

to update his discovery responses.  On April 24, 2026, the United States sent a letter to Debtor's

counsel, noting that the Debtor had not provided updated responses as required by the Agreed

Order and requesting consent to the relief in the instant motion.  Ex. C.  Debtor did not respond

to the letter, either by providing updated responses to the discovery requests or a position with

regard to the United States' requested relief.

**Background**

The Court may draw adverse inferences in a civil case from a party's silence on Fifth Amendment grounds. *See Evans v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008) ("[A]n adverse inference can be drawn in a civil case when a witness refuses to answer a question on Fifth Amendment grounds"); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995) ("The rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own"); *Johnson v. City of Chicago*, Case No. 19-cv-3904, 2021 WL 1952489, at *1-2 (N.D. Ill. May 10, 2021). Bankruptcy courts have drawn adverse inferences in the context of both the requirements for 11 U.S.C. § 523(a)(1)(C)'s conduct and mental state elements at the summary judgment stage in the face of a debtor's Fifth Amendment silence. *See Blakeman v. U.S. (In re Blakeman)*, 244 B.R. 100, 103-04 (Bankr. N.D. Ohio 1999) (granting summary judgment to government that taxes were excepted from discharge based on the "persuasive" nature of the adverse inference); *see also U.S. v. Acker (In re Acker)*, Adv. Proc. No. 09-04165, 2010 WL 3813243, at *7-8 (Bankr. E.D. Tex. Sep. 28, 2010) (finding taxes excepted from discharge in part on summary judgment and in part after trial where Fifth Amendment was invoked).

In *Harris v. City of Chicago*, 266 F.3d 750 (7th Cir. 2001), the defendant-appellee invoked his Fifth Amendment rights and refused to respond to a number of discovery requests, then answered all questions posed to him on direct and cross-examination at trial. *Id.* at 752-53. The Seventh Circuit found that the district court's exclusion of evidence regarding the defendant's invocation of the Fifth Amendment was an abuse of discretion because a party cannot use the Fifth Amendment as a shield from discovery and then testify in his own favor at trial. *Id.* at 754-55. The Seventh Circuit also found that the defendant did not abandon his Fifth

5

Amendment privilege until just before trial where such defendant did not amend or supplement any of the interrogatory responses to clarify to which questions he continued to assert the privilege and that the plaintiff was entitled to rely on those unchanged answers in preparing for any deposition; the plaintiff was not "required to continue asking questions until he hit an issue that [defendant] was willing to testify about." *Id.*

Here, the Debtor invoked his Fifth Amendment right against self-incrimination in response to a series of discovery requests issued in the Adversary Proceeding: the United States' Second Set of Interrogatories, Second Set of Requests for Production, First Set of Requests for Admission, and every question asked at his deposition other than his name. (Doc. 69-10, 69-11); Ex. A, B. Pursuant to the Agreed Order, the Debtor agreed to provide updated responses to the written discovery requests within 45 days of the Court's entry of the Agreed Order submitted by the parties following their Rule 26(f) conference. But that deadline expired on February 2, 2026, without the Debtor providing updated responses to any of the discovery requests to which he had previously invoked his Fifth Amendment rights. The Agreed Order provided that all discovery requests shall be treated as if it was served and produced in this case so and, without the Defendant having updated his responses, Debtor's assertion of the Fifth Amendment remains his answer of record. And the discovery requests to which the Debtor has declined to provide updated answers bear directly on the questions which the United States would ask at any deposition in this case.

The same goes for the United States' discovery requests: the discovery the United States would request in this case would cover the same ground as the discovery requests served in the Adversary Proceeding, which Debtor refused to answer. Pursuant to the parties' agreement, those prior requests, and Debtor's refusal to answer on Fifth Amendment grounds are binding

here.  It is also likely that, given Debtor's refusal to amend his responses, any additional discovery requests would be met with a similar invocation of privilege.  It would be a waste of effort and not in keeping with the spirit of Fed.R.Civ.P. 1 to require the United States to undertake futile discovery efforts when the onus was on the Debtor to amend his discovery answers to withdraw his invocation of the Fifth Amendment.  Like the plaintiff in *Harris*, the United States should not be forced to go into a deposition (or to prepare for trial) without the information that, to date, the Debtor has chosen to protect with his invocation of the Fifth Amendment.  The Debtor has the right to stand on his privilege assertion in this case, just as he did in the Adversary Proceeding, but he must also accept the adverse inference that comes with that as well.

It is our understanding that the Court denied the cross-motions for summary judgment in this case in light of all the evidence mounted, because it nevertheless felt that it was important to give the Debtor the chance to explain himself and what his intent and mental state was, given him previewing his intent to no longer assert his Fifth Amendment privilege.  But it seems that the Debtor has had second thoughts.  While it is his right to do so, it now casts this case in a different light since there should now be an adverse inference against him and the prior evidence mounted at summary judgment should be weighed in a different light.  The United States should not be required to engage in further futile discovery efforts.  Our view is now the same as it was at the outset of this case – if the Debtor is intent on maintaining his privilege assertion, then there United States does not need to take any more discovery since the record as it stands, together

7

with the adverse inferences, is enough to grant judgment as a matter of law that the taxes at issue were excepted from discharge under 11 U.S.C. § 523(a)(1)(C).[2]

As Defendant has decided not to withdraw his invocation of his Fifth Amendment rights with regard to the written discovery by providing updated responses, the United States is entitled to have the Court: (1) bar the Debtor from providing substantive testimony or presenting documents at any future trial, and (2) to have the Court draw adverse inferences from the Debtor's response to the written discovery and deposition questions that he declined to answer in the Adversary Proceeding based the Fifth Amendment.  *See Boim v. Quranic Literacy Inst.,* 349 F. Supp. 2d 1097, 1102-03 (N.D. Ill. 2004)*, vacated and remanded sub nom. Boim v. Holy Land Found. for Relief & Dev.,* 511 F.3d 707 (7th Cir. 2007), *reh'g and reh'g en banc granted, opinion vacated (June 16, 2008), on reh'g en banc,* 549 F.3d 685 (7th Cir. 2008)*, and aff'd in part, rev'd in part and remanded on unrelated grounds sub nom. Boim v. Holy Land Found. for Relief & Dev.,* 549 F.3d 685 (7th Cir. 2008) (granting motions in limine to bar testimony of witnesses who invoked Fifth Amendment rights at deposition and for adverse inference instruction to jury based on Fifth Amendment invocation).

WHEREFORE, Creditor United States of America, on behalf of the IRS, requests that the Court (1) establish for purposes of this bankruptcy case that any answers that Debtor James A. Cosmano would have given in response to the United States' Second Set of Interrogatories,

---

[2] As the courts within the circuit have found on similar facts, the proper remedy where a party first asserts the Fifth Amendment privilege, and then tries to withdraw it closer to trial, the Court must afford time to the opposing party to re-open discovery on all matters since privilege will no longer be standing in the way.  If the Debtor, in response to this motion, seeks to recant his privilege invocation and he can show both good cause for the extension of time to do so and why he missed the court-imposed deadline to do so due to excusable neglect, and the Court is inclined to credit that position, then the Court must also extend time for discovery and other dates in the case management plan so that the United States can properly prepare for trial since it would need to seek additional written discovery and take the Debtor's deposition.

Second Set of Requests for Production of Documents, First Set of Requests for Admission, and

deposition questions in *Cosmano v. United States of America*, Adv. Proc No. 21-ap-00059 (the

"Adversary Proceeding") would be adverse to his interests, and (2) bar the Debtor from

providing any substantive testimony at any trial in this matter.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax
Litigation Branch

/s/*Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, DC 20044
Telephone: (202) 307-1038
Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

I, Bradley A. Sarnell, hereby certify that the foregoing *Creditor United States' Motion to

Establish Adverse Inferences and Bar Testimony* was filed and served on June 15, 2026, pursuant

to the Bankruptcy Court's ECF system as to the ECF filers on the electronic mail notice list, or

sent by U.S. mail on the same date, as follows:

| | |
|---|---|
| James A. Cosmano<br>2202 Lawrence Lane<br>Mount Prospect, IL 60056<br>*Debtor* | (via U.S. mail) |
| Paul M. Bach<br>Bach Law Offices<br>*Attorney for Debtor* | (via CM/ECF) |

9

Adam Brief                                              (via CM/ECF)
Office of the U.S. Trustee
*Acting U.S. Trustee*


Thomas H. Hooper                                        (via CM/ECF)
*Chapter 13 Trustee*


Nationstar Mortgage LLC                                 (via U.S. mail)
c/o Rushmore Servicing
Attn: Bankruptcy Department
PO Box 619096
Dallas TX 75261-9741
*Creditor*


Mission Lane LLC                                        (via U.S. mail)
by AIS Infosource, LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118
*Creditor*


                                   */s/ Bradley A. Sarnell*
                                   BRADLEY A. SARNELL
                                   United States Department of Justice
                                   Civil Division, Tax Litigation Branch

10