IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. 19-bk-13287 |
| ) | Chapter 7 |
| JAMES COSMANO, ) | Judge A. Benjamin Goldgar |
| ) | |
| Debtor. ) | |
| ——————————————— ) | |
| ) | |
| JAMES COSMANO, ) | Adv. Proc. No. 21-ap-00059 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ——————————————— ) | |

**PLAINTIFF JAMES A. COSMANO'S RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S SECOND SET OF INTERROGATORIES TO PLAINTIFF JAMES A. COSMANO**

Plaintiff, James Cosmano ("Cosmano" or "Plaintiff"), by and through his attorney Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc. and answering the Second Set of Interrogatories propounded by the United States of America ("USA" or "Defendant") states as follows:

Before providing answers to each Interrogatory, James Cosmano objects to any interrogatory (including but not limited to number 22, 23 and 25) in which asks for an answer regarding facts that occurred after James Cosmano filed a Bankruptcy Petition on August 13, 2019. The court in making a determination whether the conduct of the Debtor is dischargeable or not under 11 USC 523 can only consider facts or conduct that occurred prior to the Debtor

-1-

Exhibit

B

filing the Bankruptcy Petition. This is consistent with the "fresh start policy" and the standard of proof discussed by the United States Supreme Court in *Grogan v. Garner*, 498 U.S. 279 (1991).

## INTERROGATORIES

22.   Identify all civil or criminal cases in which you have appeared as counsel of record between 2007 and the present, without regard to the jurisdiction of the court in which you were appearing, and state the amount of attorney's fees you received for your work in each such case.

**RESPONSE:** James Cosmano answers that he cannot respond to Interrogatory number 22 as a result of the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution. On May 5, 2022, before the United States District Court, representatives of the Department of Justice stated that a criminal referral had been made to the United States Attorney for the Northern District of Illinois. The existence of an open grand jury investigation of Mr. Cosmano was subsequently confirmed by the United States Attorney's Office. It is Mr. Cosmano's belief from various sources that the criminal referral is likely broad and covers not just bankruptcy post-petition events regarding 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601 but also pre-petition events and facts regarding the underlying taxes at issue (2007-2010) until the filing of the Bankruptcy Case on May 8, 2019. As a result, James Cosmano asserts his right to not incriminate himself.

23.   Identify all gambling activity you engaged in from 2007 to the present, including but not limited to the dates and locations of, and the amounts expended upon, such gambling activity. If you do not have adequate records, describe the kinds of activities generally and estimate the amounts of net gains or net losses in each calendar year.

**RESPONSE:** James Cosmano answers that he cannot respond to Interrogatory number 23 as a result of the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution. On May 5, 2022, before the United States District Court, representatives of the Department of Justice stated that a criminal referral had been made to the United States Attorney for the Northern District of Illinois. The existence of an open grand jury investigation

of Mr. Cosmano was subsequently confirmed by the United States Attorney's Office. It is Mr. Cosmano's belief from various sources that the criminal referral is likely broad and covers not just bankruptcy post-petition events regarding 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601 but also pre-petition events and facts regarding the underlying taxes at issue (2007-2010) until the filing of the Bankruptcy Case on May 8, 2019. As a result, James Cosmano asserts his right to not incriminate himself.

24. State when false wall described in ¶ 1 of the Civil Contempt Order issued by the United States District Court for the Northern District of Illinois at ECF No. 79 in the matter of *Wilmington Savings Fund Society, FSB v. Cosmano, et al.*, Case No. 1:20-cv-07032, was constructed and identify the name and contact information of any individual or entity that participated in the construction.

**RESPONSE**: James Cosmano answers that he cannot respond to Interrogatory number 24 as a result of the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution. On May 5, 2022, before the United States District Court, representatives of the Department of Justice stated that a criminal referral had been made to the United States Attorney for the Northern District of Illinois. The existence of an open grand jury investigation of Mr. Cosmano was subsequently confirmed by the United States Attorney's Office. It is Mr. Cosmano's belief from various sources that the criminal referral is likely broad and covers not just bankruptcy post-petition events regarding 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601 but also pre-petition events and facts regarding the underlying taxes at issue (2007-2010) until the filing of the Bankruptcy Case on May 8, 2019. As a result, James Cosmano asserts his right to not incriminate himself.

25. Identify all gifts (and the dates and amounts of such gifts by each donor) received by you to pay your monthly expenses between 2007 and the present, including but not limited to (1) gifts you received which were referenced by you on Schedule I to your Chapter 7 bankruptcy petition, filed as ECF No. 1 with the United States Bankruptcy Court for the Northern District of Illinois in *In re Cosmano*, Case No. 19-13287, and (2) gifts identified by you during the June 11, 2019, Section 341 meeting reflected by docket entry ECF No. 2 of that bankruptcy case (or any other Section 341 meeting in that matter).

**RESPONSE**: James Cosmano answers that he cannot respond to Interrogatory number 25 as a result of the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution. On May 5, 2022, before the United States District Court, representatives of the Department of Justice stated that a criminal referral had been made to the United States Attorney for the Northern District of Illinois. The existence of an open grand jury investigation of Mr. Cosmano was subsequently confirmed by the United States Attorney's Office. It is Mr. Cosmano's belief from various sources that the criminal referral is likely broad and covers not just bankruptcy post-petition events regarding 450 E. Waterside Drive, Unit 1301, Chicago, IL 60601 but also pre-petition events and facts regarding the underlying taxes at issue (2007-2010) until the filing of the Bankruptcy Case on May 8, 2019. As a result, James Cosmano asserts his right to not incriminate himself.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/5/22

JAMES A. COSMANO

**DATED**: July 5, 2022

/s/ Paul M. Bach

Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
paul@bachoffices.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, the foregoing document was served on the following individual by electronic mail:

DAVID A. HUBBERT
c/o NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Washington, D.C. 20044
Noah.D.Glover-Ettrich@usdoj.gov

-4-