IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


JAMES ANTHONY COSMANO,                 )   No. 24 B 09140
                                       )   Chicago, Illinois
                                       )   11:00 a.m.
                          Debtor.      )   July 10, 2025


TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE TIMOTHY A. BARNES


APPEARANCES:

For the Debtor:                Mr. Paul Bach;

For the United States:         Mr. Jeffrey Nunez;

For the Chapter 13 Trustee:    Mr. Dustin Allen;


Transcribed By:      Amy Doolin, CSR, RPR
                     D&E Reporting
                     Official Court Transcribers
                     d.and.e.reporting@gmail.com.
                     312/986-1920

GOVERNMENT
EXHIBIT

26

Case 24-09140  Doc 134-26  Filed 07/31/26  Entered 07/31/26 13:53:19  Desc
Exhibit 26: Transcript of July 10  2025 Hearing  Page 2 of 39

2

THE CLERK:  James Cosmano.

MR. NUNEZ:  Jeff Nunez, Your Honor, on behalf of the United States.

MR. BACH:  Paul Bach on behalf of the debtor.

THE COURT:  All right.  So anyone else, just to make sure I'm not foreclosing anyone?

(No response.)

THE COURT:  All right.  So, folks, what we have here today in the Cosmano matter is a series of motions that are interlocking in many ways.

So, first of all, the motion to dismiss from the trustee is for unreasonable delay, and that has to do with failure to confirm a plan. The plan's confirmation, of course, has been hanging in the balance while we deal with other issues.

There's a motion to dismiss the debtor for ineligibility, and the ineligibility turns on the same issues that we're resolving here with respect to the claim of the Internal Revenue Service.

We have the confirmation hearing.

Then we have the objection to the claim.

Case 24-09140 Doc 134-26 Filed 07/31/26 Entered 07/31/26 13:53:19 Desc
Exhibit 26: Transcript of July 10 2025 Hearing Page 3 of 39

3

In relation to the objection to the claim, I had requested summary judgment filings from the parties, and I've received the summary judgment filings from the parties. And I believe that it's marked as taken under advisement, but I'm prepared to rule on that today.

I believe, however, that that was fully briefed, and that was admitted by the parties at a prior hearing it was fully briefed, and it was really only continued to today's date because I was overwhelmed at the previous hearing and wasn't capable of issuing my ruling at that point.

So I have the two motions, one from Mr. Bach's client and one from the United States. And so I'm prepared to rule after a fashion today, and I'm going to tell you exactly what that means.

But before I start, is there any questions or any updates or anything that's changed that I need to know about?

(No response.)

THE COURT: Okay. I'm not hearing anything.

All right. So, first and foremost, let's talk a little bit about the procedure and

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 4 of 39

4

where we are; and that is, as I mentioned at the outset of this, on objections to the claim, objections to claims are pursuant to the rules contested matters.

Contested matters have many of the formalities that go along with adversary proceedings. However, the Judicial Conference of the United States and Congress in making the rules have never fully explained how an objection to claim should be treated as a contested matter.

What is the complaint?  What is the answer?  How are things going to be dealt with with respect to these claims, and it's left to the courts to figure that out.

Now, I've spent a fair amount of time trying to walk through how claims objections should work in the absence of any guidance from the rules or the higher courts.  And I think the most recent one of those that I did was affirmed by Judge Hunt on a claims analysis.

And she adopted -- at the District Court, she adopted much of my stepping through of the various claims standards.  And so I want to paraphrase those at the moment.

Mr. Bach, do you remember what case

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 5 of 39

5

that was Judge Hunt ruled on in that one?

MR. BACH:  Was it Spiegel?

THE COURT:  Probably Spiegel.  I mean, there's been more than a dozen appeals in that one, so that's a fair -- that's a fair guess.  So it probably was in Spiegel.

I think I also did it in a case called Rosebud Farms, where I wrote out --

MR. BACH:  Yes.

THE COURT:  -- and laid out those issues too.  But I don't think that one -- well, that one was affirmed on appeal, too.  So, I don't know, but it was Judge Hunt's ruling that was, I think, perhaps made -- is the best reference here.

And the reason that it's the best reference is Judge Hunt, of course, as you may know, was formerly a bankruptcy judge before she became a District Court Judge, so she had a unique insight into how the claims process works when she ruled on it on appeal.

But I'll paraphrase what this is essentially is this:  That a claim on file is presumptively allowed.  It is presumptively allowed based on the way that the Code and the Rules apply, but it's a rebuttable presumption.  And so we start

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 6 of 39

6

with the fact that in order to achieve that rebuttable presumption, however, the claim must be filed correctly.

All right.  So there are -- it's very common, for example, when a claim is filed after the bar date or a claim is filed, and it's not signed, or a claim is filed as a secured claim, but doesn't attach any evidence of security, because of a failure to comply with the rules, the rebuttable presumption does not arise.  It's an invalid claim from the very outset and shouldn't be entitled to any deference.

There's only -- there's a passing reference to that, I think, in what has been filed by Mr. Bach's clients, because the reference with respect to the amendment of the United States' claim from unsecured to secured happened after the bar date, I believe, in this.

But amendments are liberally allowed, and I don't think that the bar date should be applied in that way.  So I don't believe that the claim of the United States in this case is not entitled to the rebuttable presumption in its favor.  I believe that the claim filed by the United States has, in fact, complied with the Rules in every material way.

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 7 of 39

7

So, when a claim is on file and that rebuttable presumption arises, then it becomes the burden of a debtor or any other party who brings an objection under Section 502 to establish that the grounds exist to disallow that claim.

So, it's dealt with first by an initial showing of the debtor.  The debtor has to come in and has to show that there is a sufficient grounds to believe that this claim could be disallowed, and it has to pass I think the smell test, if you will; and that is, that when you get this sort of objection, the objection has to be plausible in its face.  You have to say, okay, yeah, if all of that's true, then the claim -- that overcomes the presumed validity of the claim.

And when that does that, when it overcomes the presumed validity of the claim, it puts the burden back on the claimant to prove up their claim; and that is, the rebuttable presumption is gone.  Now we're talking about a claim, and the claim is asserted against the estate.  It becomes the party, the proponent of the claim's burden to show us that the claim is valid.

All right.  So what do we have in this -- and, oh, I might as well just finish that

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 8 of 39

8

particular analysis, and that is this:  And that   is when the court takes it up under that later standard -- the first standard is very similar to a motion to dismiss.  The second standard is more akin to a motion for summary judgment; and that is, will I make a determination without having to go to trial on matters?

And I need to apply a better standard and a higher standard when I'm taking a look at claims once we've gotten past that rebuttable presumption and when dealing with that.  So, one is essentially saying please dismiss this because the claim is not properly filed.  Okay, that's a motion-to-dismiss standard.  Then once we get to the more substantive area, we're talking about motions for summary judgment.

The reason I asked you to file motions for summary judgment is this one is anything but simple.  The background in this one has been very difficult to sort through with the multiple cases and the rulings in the particular issue.  And because, as a contested matter, the rules of adversaries apply, there's no reason why the court couldn't order that the parties do summary judgment motions.

Summary judgment motions, however, do

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 9 of 39

9

not expand the scope of what is before the court. What is before the court is what is -- from its very beginning is the objection to claim.

All right.  So, it's the objection to claim that I'm considering.  I'm not considering, for example, granting affirmative relief at this point in favor of the non-moving party.  And that can happen in lawsuits, to be clear, but that's not what I'm doing at this point.

And I just want to make sure the parties understand that, is that first and foremost my analysis here is guided by what the objection to the claim seeks, and then I'm looking at that objection to the claim as informed by your motions for summary judgment, your statements of facts, your various responses that have been filed.

So, looking to the objection to the claim, what Mr. Bach argues is that the -- as there was no determination, as there was no determination in the prior bankruptcy cases of the debtor that the Internal Revenue Service's claim was non-dischargeable -- in other words, there was no affirmative ruling from a court under Section 523 in favor of the Internal Revenue Service -- as there was no such ruling, then the claim is presumptively

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 10 of 39

10

discharged.

Now we have a different presumption in play. But the claim is presumptively discharged, and Mr. Bach points to various cases in that regard, including what Judge Goldgar said when he issued his particular ruling, but he in turn cited to some cases, such as Prate and Washington.

Prate is a Northern District of Illinois bankruptcy case. Washington was a BAP case from the Ninth Circuit.

He believes, therefore, that because the claim was presumptively discharged, then it is -- it may be disallowed under Section 502 in this case. All right.

And on its face, that is correct, just to be clear, but we're not going to stop on its face. But on its face, that is correct. And here's why:

The statute, again, is not well written. So Section 523, when you read Section 523 and you read the discharge provisions of Chapter 7 in particular, it appears that the language is self-effectuating, but it can't be. There's no way, 523.

So, what 523 says is a discharge

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 11 of 39

11

under Section 727 of this title does not discharge, does not discharge an individual debtor from any debt.  And it goes forward and lists all the subsections.  Okay.

That appears to be self-effectuating. It appears to be, you know, if it meets these criteria, it's not discharged.  But it can't be self-effectuating.  And the reason it can't be self-effectuating is each one of the subsections requires a determination of someone to know whether they apply.  All right?

And even though if you go back and you look at 727, and you see the discharge, and it in turn references 523 and says I'm not discharging things that are non-dischargeable in 523, that creates a bit of a vicious cycle.

Because if it were the case that 523 were, in fact, self-effectuating, you didn't need a court order out of 523, first of all, then it would turn the entire bankruptcy system on its head.  All right?  It would create a situation where we would never know whether claims are discharged because parties would always have in their pocket the argument that this was non-dischargeable.  They'd always have this.

Case 24-09140  Doc 134-26  Filed 07/31/26  Entered 07/31/26 13:53:19  Desc
Exhibit 26: Transcript of July 10  2025 Hearing  Page 12 of 39

12

And so any discharge issue in a bankruptcy case would be infirm.  It would be unclear the extent and breadth of the discharge.  So it cannot be the case that a claim is inherently non-dischargeable under 523 when the parties haven't come and seen the court and had a court ruling out of that.

Now, have the court and have the parties had such a court ruling?  The answer is no.  All right.  What you got was Judge Goldgar saying he lacked jurisdiction to hear the dispute.  The ruling from Judge Goldgar that he lacks jurisdiction to hear a dispute -- which, by the way, I disagree with; I think that I would not have issued that ruling were I in his shoes at that time -- but that ruling that he lacked jurisdiction is just that, it's a ruling that a court lacks jurisdiction.

It cannot have Rooker-Feldman effect.  It cannot have res judicata effect.  It cannot be the law of the case.  It cannot simply have any of that fact.  It can be the law of that case, the case in which it arose, but it can't be the law of this case.  It has no external effect beyond that.

He never took that issue up on its merits, so there is no ruling of the merits that can

bind this court.  The facts and circumstances that were before him, he ruled on.  I'm a different trial court.  Trial courts are not bound by other decisions of trial courts.  We all know that.  And so I take that issue up anew.

Had I been in Judge Goldgar's shoes, I would not have found a lack of jurisdiction, and I would have -- because, as I understand it, frankly, the parties wanted Judge Goldgar to rule on the issue at the time, and I wouldn't stand in the way of that.

So, again, what you have is a ruling from Judge Goldgar that there is -- that he lacked jurisdiction.  And at that point everything else is dicta, just to be clear.  Because if he lacks jurisdiction, it doesn't matter what he says on the rest of it because he doesn't have jurisdiction to issue advisory opinions at the same time.  So he's out.  He can't rule.  He's done.

So, there was no ruling from the prior case that this was non-dischargeable under Section 523.  All right.  There is -- there has to be a presumption -- I agree with the case law he cited, however.  There has to be a presumption in favor of that a debt is presumed discharged until

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 14 of 39

14

a court of competent jurisdiction holds otherwise. All right?

So, Mr. Bach's objection basically says this debt is presumed discharged, and, therefore, this claim is disallowable.  And, again, that on its face is correct.

Now, the United States can respond to that objection, and they have, obviously.  Okay. And the United States says, okay, well, this debt, however, is non-dischargeable under Section 523. And this court, as a court of competent jurisdiction, can find that.

And the United States is correct in that position.  The United States is correct that this court can make that finding.  Just because no court made the finding in the previous case doesn't mean it can't be found in this case, nor do you need to reopen the previous case to have that determined by a judge who would be assigned to hear the matter.

It is a claim filed in this case. It's before this court.  It's within my jurisdiction to make a determination whether 523 applies to that claim.

And now let's talk about procedure

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 15 of 39

15

for a moment.  All right, Mr. Bach raises the fact that section -- that Rule 7001 says that in order for the court to make a determination under Section 523, an affirmative determination brought before the court under Section 523, it should be brought by way of adversary proceeding.

Well, I think 7001(6) says that.  I mean, I think that's a clear reading of 7001, Subsection (6), is that this should be brought by way of an adversary.  However -- there's always a however, in almost every one of these things, okay.

And the however here is this:  The Seventh Circuit has made clear that the requirements in 7001 are about due process, and we should not stand on form over function when it comes to 7001. And they relied on the Hood case from the Supreme Court in making that ruling.

Now, the Hood case in the Supreme Court wasn't directly on that point.  But to be clear, in Hood, the Seventh Circuit -- I'm sorry, the Supreme Court made essentially the same point, which is that the parties are afforded the fundamental rights that the Rules are there to provide, and the Rules themselves should not stand

16

in the way of a court's determination.

In Hood, the question was -- just to be clear, the question was whether an adversary is required or a party could proceed on a motion. And it was a complicated question because it had to do with sovereign immunity of the State.

And what the Supreme Court said in Hood was because the debtor could have proceeded on a motion but for Rule 7001, the fact that an adversary proceeding might challenge the sovereign immunity of the State is irrelevant because it could have pursued it.  They could have been given the same due process rights.  It has nothing to do with challenging sovereign immunity.

So in the Seventh Circuit case -- and I'll give you the cite for the Seventh Circuit case. It's called In re Hanson.  It's 397 F.3d 482, where Judge Bauer wrote about these things.  And Judge Bauer said -- and again, I agree with Judge Bauer -- is that the focus should be on due process. It should be on making sure the proper process is followed.

Due process requires notice and an opportunity for a hearing appropriate in the nature of the case prior to deprivation of property rights.

Case 24-09140 Doc 134-26 Filed 07/31/26 Entered 07/31/26 13:53:19 Desc
Exhibit 26: Transcript of July 10 2025 Hearing Page 17 of 39

17

This is just reading from what he wrote on this particular issue. And he rules with respect to 7001(6) -- and this is the issue -- that those rights can be afforded outside of an adversary proceeding. And that's the way I read Hanson and what Judge Bauer wrote.

So, even if the United States had come in on a motion seeking determination under Section 523, there is an avenue under Hanson, and thereby Hood -- Hood, by the way, is 541 U.S. 440, if you're looking up Hood.

But even if that had been what had happened here, then arguably as long as the due process rights are preserved, the -- because a contested matter preserves the formality of an adversary proceeding, then the parties are getting what they bargained for through a contested matter.

Now, that has to be -- if that exception exists, it has to be a very limited one because that would unwrite many of the rules. And I've actually ruled very specifically and with respect to injunctive relief you've got to bring an adversary proceeding. That's what 7001 says.

But, interesting enough, in that

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 18 of 39

18

particular ruling, Judge Coleman of the District Court relied on that.  That ruling was in a case called Collum, C-O-L-L-U-M.  I don't have the cite in front of me at the moment.

But Judge Coleman recently at the District Court relied on my ruling to actually hold very similar.  She didn't cite to the Hanson case  or the Hood case, but she relied on my case.  And  she found that affording parties their substantive due process right is what's important here.  Okay?

And in that particular case -- I had the cite and now I've lost it.  I'll find it for you before we're done here.  But I was recently -- Judge Coleman was dealing with this Chapter 13 issue with the City of Chicago, just like I was in Collum.

All right.  But one thing that Judge Coleman points out when she cites to me in Collum and others is that you can do multiple things under the Bankruptcy Code in multiple ways.  And she cites my language in Collum where I say, where the Code allows you to go more than one route, then what you have is optionality and only under limited circumstances is that route foreclosed.

All right.  So here what we have to remember is that the United States asserted a claim. They were entitled to assert a claim.  As a matter of fact, even invalid claims may be asserted with impunity.  We've been clear about that right, that -- I issued an opinion that was affirmed by the Seventh Circuit that had to do with whether a creditor who asserted a claim that they knew was time barred was violating the Federal Fair Debt Collection Practices Act.

And the Seventh Circuit affirming it said, no, bankruptcy should -- we want to hear all claims, valid and invalid.  We want to err on the side of all claims being asserted.  We don't want to enter a rule that stops people from filing their claims; we should see the claims and let the Bankruptcy Court sort them out.  The Seventh Circuit agreed.

So, here what happened was a claim was asserted, an objection was raised, and then in response to that objection, the arguments under Section 523 were engaged by the parties.

Now, Mr. Bach, on behalf of his client, has argued that this should be by way of an adversary proceeding.  And I don't disagree that if

20

the United States were coming in and seeking affirmative relief under Section 523, they should have proceeded by way of an adversary proceeding, with the exceptions that I talked about in Hanson and Hood.

But I don't need to worry about the exceptions in Hanson and Hood because that's not what happened here.  What happened here is the debtor joined the issue.  The debtor raised the issue by filing the objection to the claim.  And the United States is defending that issue.  And they may defend by asking this court to make a ruling under Section 523.  And they don't need to bring an adversary in order to do that.

The issue was joined by a claim objection.  A claim objection can be brought without an adversary proceeding, and it can proceed in that manner.  And so I do not believe that a determination under Section 523 under the circumstances is outside of this court's power, nor is it procedurally improper for the court to make that determination because it's been brought before the court by way of another vehicle.

And when you have options under the Bankruptcy Code, then you have optionality, and

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 21 of 39

21

that's the way we're proceeding.  To stop a proceeding, for example, under Section 362 because the parties should back up and then bring an adversary proceeding, it doesn't make much sense. And there's a fair amount of case law out there that says that.

All right.  So, we're still dealing with procedure, and I just want to make sure we're clear about that.

So, I'm not going to say that the procedure here has been inappropriate, nor do I think that the issues raised, other than being out -- those that might have been bringing in evidence that's outside of what's before the court at this point -- we're going to get to that in a moment.  I don't think that there's anything that's been inappropriate in that regard.

Now, there's one other I think general procedural issue that -- it's not really a procedural issue, but it's a gating question that needs to be covered.  And in this I completely agree with the United States; and that is, that when a debtor is in a voluntary bankruptcy proceeding, the debtor is in a civil proceeding.  And the debtor has all the requirements of disclosure and continuing

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 22 of 39

22

of those procedures, irrespective of whether the debtor might in a criminal proceeding be entitled to Fifth Amendment privileges.

Now, I don't want to belabor this because I don't feel that it's going to be outcome determinative in this matter, but I do want to point that out. And that is, this is a civil proceeding. And I wrote at length about this in a case called Garcia years ago, and I don't remember the citation off the top of my head.

But in Garcia, what the debtor had done is the debtor had asked that I stay the bankruptcy proceedings because of a perceived threat of criminal prosecution by the debtor -- against the debtor, sorry, and was worried about being placed in jeopardy and that their Fifth Amendment rights would not be fully recognized.

And I went through an analysis in Garcia about the various factors, and I concluded at the time that the mere threat, the mere threat of criminal prosecution, is not enough in order for me to stay the proceeding.

Remember, the question was whether I should stay the proceeding. That's not the question here. But the question in Garcia was

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 23 of 39

23

should I stay the bankruptcy proceeding because the debtor wanted to invoke the Fifth Amendment privilege.  And they wanted to make sure that somehow that privilege was not narrowly construed in a way that it shouldn't  be, have the full effect of their privilege.

And I pointed out that the United States is correct in its position.  I pointed out then the correctness of the position; that is, in a civil matter, the court is entitled to take a negative inference.  When a duty falls on a party in a civil matter, regardless of the reason they choose not to fulfill that duty, then that duty -- failure to fulfill that duty has ramifications, and just because of the reason being the Fifth Amendment doesn't change the result.  It's civil.  It's not criminal.

Okay.  So, again, I don't believe this is going to be ultimately outcome determinative because what I want to do now is turn a little bit to what the parties have argued and what they've presented to me.

Mr. Bach is correct that a large amount of the evidence that the United States has put in front of me is questionable in nature.  It's

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 24 of 39

24

hearsay-type evidence, and it's evidence that I haven't seen in any other context up to this point. It's inappropriate under the circumstances for me to rule on the standards of a motion for summary judgment.

I don't believe that I can rule on a motion for summary judgment. I have to value the evidence in a way that I couldn't do on summary judgment because summary judgment isn't meant to do that. I'm not meant to be making qualitative determinations about evidence at a summary judgment stage.

I'm meant to be looking at the evidence that's before me, determining whether there exists a good faith dispute as to a material fact. By material, in essence, would the fact determined in favor of one party be outcome determinative in favor of the other, outcome determinative that way, period.

There are so many material facts that have been raised here by the two parties that I can't even begin to tell you how summary judgment could possibly issue in this matter. I'm overwhelmed with material facts that, frankly, I can't sort through at this stage. This would have to go to trial. There's

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 25 of 39

25

absolutely no question about this.  And they have to go through the formalities.

And, by the way, by going to trial, once again, we're ensuring the due process formalities of an adversary proceeding are met because were I be able to shortcut this somehow and make value judgments with respect to the evidence that I've seen in a way that I think is beyond the scope of the trial court on summary judgment, Mr. Bach's argument that you should have followed a more formal process would have more weight at that point, and I'm just not going to do that.

I think that what we have here is this:  I've taken a look at the evidence that has been put before me.  Some of it, as I said, is just -- at this point I wouldn't be able to admit it without more.

And, remember, like hearsay determinations, hearsay determinations have to be made at the moment, for the most part, because I have to see how you're using it, I have to see whether was the declarant available or unavailable.  There are all sorts of exceptions that have to be made in the context of a trial that make it very difficult to make rulings on that in the context of a motion for

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 26 of 39

26

summary judgment.

When I go through the motions for summary judgment, I will tell you also this is a 523. I want to say -- I'm going to get the statute wrong. Is it 520 -- is it (a)(8)?  What is the subsection, the tax subsection?

MR. NUNEZ:  (a)(1)(C), Your Honor.

THE COURT:  Okay.  So, that's actually more familiar territory for me.

I just was reading a complaint in another matter.  It's a 523 (a)(6) one, and so that's stuck in my head.

But it's 523(a)(1).  An element of Section 523, almost every (a) section, but certainly (a)(1), is intent.  And I've said repeatedly, absent some binding authority by a court that I must follow, right, a court that took this up and made  a determination and has bound the parties in the  same context of the dispute before me -- that the intent standard has been met.  I can't issue summary judgment on a matter that turns on intent.  I can't because it will always be one party says I intended, the other party says -- unless you plead yourself out of it, I suppose.

If you admit in your answer, then

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 27 of 39

27

maybe we're done.  But I don't see that.  Mr. Bach has been very careful in what he's filed.  And what he's filed challenges all the conclusions of intent that the United States has made with respect to this.  Because those are material facts that are in dispute, summary judgment is inappropriate in this matter.

So to make a long story short -- I wish what I could do is under Rule 56, I could narrow your issues for you a little bit, but I really can't.  It's such a broad -- it's a shotgun approach in many ways to what I'm seeing on these various arguments.  There are so many open issues that need to be addressed, that anything I would do here would start to approach looking like a mini trial in order for me to rule on the motion for summary judgment. I'm just simply not going to do that.

The United States should have an opportunity to prove up its case in the more formal strictures of a trial, bring in the evidence that it is alleging.  Mr. Bach's client should have the opportunity to put on evidence to the contrary to challenge the evidence of the United States in the appropriate formal proceeding, to have his client testify as to intent, if he so chooses.  All of that

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 28 of 39

28

has to happen.

So, here's the point:  I don't need an adversary proceeding.  I do believe at this point the United States has properly brought before me enough here that this is a triable issue and that will have to go to trial; therefore, I cannot at this point -- I cannot at this point grant the motion -- sustain the objection to the claim.

Now, I will tell you, I thought about another possibility here, and the other possibility I'm not going to do, but I'm just going to tell you. Because claims allowances or disallowances are always reconsiderable for cause under 502(j), I had thought about possibly sustaining the objection based on, again, the fact that the claim was presumptively discharged based on no determination of the court and a discharge order having been entered in the previous bankruptcy case.

I thought about doing it that way, and saying to the United States, bring your adversary, bring a 523 action in this in front of me, and then if you succeed on that one, I'll reconsider the claim declaring disallowance under 502(j).  I thought that that was actually going to make it more complex, not less.

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 29 of 39

29

I think we get to the same point either way because, as I said, I think that the standards are the same either way, and whether we're in an adversary trial or we're in a contested-matter trial, we're in a trial.

And so I cannot rule up or down on the issue because if the United States is correct and this meets the requirements of Section 523, then the objection is not well taken because, again, the statute reads such as the claim would not have been discharged, and, therefore, it has that effect.

And so once I rule on this issue and when the United States defends on this -- if the United States' defense to the objection is successful, then the objection, obviously, cannot be sustained.  There we go.

So, that's my ruling on what you have in front of me.  I know that may be not satisfying in the sense that you would like a more substantive result, but I don't think either one of you had any true belief that I was going to rule in favor of you on these particular issues given the complexity of what's in front of me.  It has to go to trial, and that's just the way it is.

So, with trials, come the formality of trials, to be clear. All right. I don't know if the parties have ever in this particular matter -- and you can tell me -- if we've ever done discovery in relation to this. Have we ever done a Rule 26 order, for example, and have the parties meet and confer and determine whether or not what level of discovery should take place? I suspect that you have not.

What we have to do, because this is in the context of a contested matter, is we have to follow those formalities as closely as we can, because if I shortcut them, if we don't do a Rule 26 meeting and we don't do -- somebody's going to say I did it wrong. Somebody is going to say that, you know, in doing this as a contested matter, the court should not have shortcut that.

And so we've gone down the steps of summary judgment motions. That's fine. Now you've got your ruling with respect to summary judgment motions, that I am denying the summary judgment motion of each party because I believe a material fact is in dispute that requires a trial. As a result, the claims objection needs to be teed up for trial, and we need to have the formalities in

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 31 of 39

31

relation to that.

So, Mr. Bach, it's your objection, so that puts you essentially in the role of plaintiff in this particular matter.  Am I right, there has never been Rule 26, and there has never been any discovery in this one?

MR. BACH:  In this particular case, yes.  I want to be careful because, of course, we had discovery in that prior adversary hearing, but I think we need to do some discovery based upon a lot of my answers.

THE COURT:  Yes, I think you probably do, and I think Mr. Nunez probably agrees there's going to have to be some additional discovery here.

MR. NUNEZ:  Yeah, Your Honor, I mean, I think to an extent the evidence in the record from -- you know, that we've submitted this time isn't going to change, but certainly, you know, I think we have to make room for anything that the debtor wants to investigate.

And, you know -- but whether it's, you know, converting -- you know, there were -- there were depositions in the past case.  And whether we need to redo those again or whether we're just bringing people to trial or submitting

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 32 of 39

32

deposition transcripts, you know, I think the parties can hammer that out if we go through the 26(f) process and figure out what are the real issues that are needed.

Obviously, the big rocks for trial are known. But, you know, we'll have to see what each party feels like, you know, the open questions are, you know, sub issues are, Your Honor, to do discovery.

THE COURT: All right. So we're going to have to -- I think we're going to have to do a Rule 26 meeting, 26(f). You're going to have to -- I have an order to that effect which is normally used in adversary proceedings, but I'll enter it in the main case here. And we'll set -- we basically need two deadlines and a subsequent hearing.

The first deadline is for the parties to meet and confer. You should be able to do that in pretty short order. At this point you all ought to know each other pretty well in this process.

Can you have that meeting within the next two weeks? It doesn't have to be in person, by the way. It could be over the phone. It could be over Zoom.

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 33 of 39

33

Mr. Nunez, I'm sorry.  Did you hear me?  I'm asking you both.

MR. NUNEZ:  Yeah, Your Honor.  I'm just looking at my calendar, Your Honor.  I have some time over -- you know, I guess we're saying between now and July 25th.  I'm sure Mr. Bach and I can get together, and he and me and Penny can get together and find the time to have that.

THE COURT:  Okay.  So, let's say the 25th.  I like deadlines that end at the end of the week because people can remember them easier --

MR. NUNEZ:  Good for me, Your Honor.

THE COURT:  -- to meet and confer.

Then, Mr. Bach -- what is due thereafter is what's called a joint discovery plan.  And normally it's the plaintiff's responsibility to submit the joint discovery plan because the plaintiff is driving the matter.  So that would be, Mr. Bach.  As I said, you're in the role of plaintiff, being the objecting party.

How long, Mr. Bach, to file that joint discovery plan afterwards?

MR. BACH:  I would say a week, a week we can do it by.

THE COURT:  All right.  August 1st

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 34 of 39

34

then, so one week later.

Okay.  Then I have the parties go back to me on August -- I'll have the parties come back to me on August 7th.

And the reason, I want to make sure you both confirm on the record that you're in agreement with that.  And then I sign -- and this is something I don't know that other trial judges do, but I sign your discovery plan, and I re-docket it as a discovery order because it makes it more enforceable.  If the parties go off the rails, I want to be able to say you were required to do this.

MR. BACH:  Yes.

THE COURT:  Yes, Mr. Bach.

MR. BACH:  If you recall, I've been trying to avoid August 7th from the other case.  I have plans to leave on that day on a trip, and I don't want to have to do that later.

Is it possible we can either do the following week or do it on a Tuesday or Wednesday call, since this is really an adversary, and do it that way, and you don't need a Chapter 13 Trustee for that?

THE COURT:  Well, we have a fair

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 35 of 39

35

number of things relating to the 13 that are tagging along with this, to be clear.

I could -- are you back by the next week, Mr. Bach?  By the 14th?

MR. BACH:  We're going -- we're leaving to go caving that day, and so we'll only be gone the weekend.  So we're gone the Thursday, the Friday, the Saturday, and the Sunday, and I'll be back on Monday, so...

THE COURT:  Okay.  I'm tempted to say that some caving expeditions have lasted longer than intended, but I won't say that.

How about the 14th then, Mr. Nunez?  Can you come back on the 14th?

MR. NUNEZ:  I was just going to say, Your Honor, I'm on vacation the week of the 11th through the 15th, so...

THE COURT:  All right.  Maybe we can do it on a -- maybe we can do it on a non-13 day, but then we need Mr. Allen.  I don't know if he's fallen asleep on us.  He may have.

MR. NUNEZ:  I forgot what Mr. Bach said about when he's leaving, but any time that week of the 4th after we file the discovery plan on the 1st, I'm free any day that week of August 4th for a

36

hearing, if there's another time that works for the court.

THE COURT:  I'm wondering if Tuesday, the 5th, at 9:30 would work for the parties?

MR. BACH:  Let me double-check. That's probably okay.

(Brief pause.)

MR. BACH:  At 9:30?  More than fine.

MR. NUNEZ:  That works for me as well, Your Honor.

THE COURT:  Okay.  And so, Mr. Allen -- I did wake him up there.  Mr. Allen, would that be okay with you?  Because I know it's not a 13 day.   I hate to make you show up on a non-13 day. But on the other hand, this matter on the 13 level is going nowhere until this issue is resolved.

MR. ALLEN:  Right.  And I don't have any problem with showing up on a Tuesday, if need be.

THE COURT:  All right.  So everything would go over -- well, let's not -- not everything. Sorry.  Let's just be clear.

I am denying for the reasons stated on the record the two motions for summary judgment.

The objection to claim remains pending

because I'm now going to be entering discovery orders in relation to that.

So everything other than those two motions for summary judgment are going to Tuesday, August 4th -- I'm trying to get my calendar in front of me -- Tuesday, August 5th.

Tuesday, August 5th, at 9:30 a.m. work for the parties?

MR. BACH:  It does.

MR. NUNEZ:  Works for the United States, Your Honor.

THE COURT:  All right.  Take a look at that Rule 26 order that I'm going to enter.  That will tell you what you need to meet and confer about, but it's not going to come as any surprise to you.

The only thing I know that I do differently is make you set it up with a signature block when you submit your plan.  Okay?

(No response.)

THE COURT:  Thank you both very much. I appreciate your patience.

MR. BACH:  Thank you.

MR. NUNEZ:  Thank you, Your Honor.

MR. ALLEN:  Thank you.

Case 24-09140   Doc 134-26   Filed 07/31/26   Entered 07/31/26 13:53:19   Desc
Exhibit 26: Transcript of July 10   2025 Hearing   Page 38 of 39

38

THE COURT:  All right, Annette, I think that's the end of everything for today.

THE CLERK:  Correct, sir.

THE COURT:  All right.  Let's wrap it up for the record then, please.

THE CLERK:  Okay.  Court is now adjourned.

(End of Audio Recording.)

39

CERTIFICATE


I, AMY DOOLIN, CSR, RPR, do hereby certify that the foregoing is a true and accurate transcription of proceedings electronically recorded on July 10, 2025, submitted to D&E Reporting for transcription, and contains all the content contained in said recording and has been transcribed to the best of my ability.


_____
/s/Amy Doolin, CSR, RPR
CSR License No. 084-003346