**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Anthony Cosmano, | ) | NO. 24-09140 |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | Honorable Judge Timothy A. Barnes |

# JAMES ANTHONY COSMANO'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO THE UNITED STATES' SECOND MOTION FOR SUMMARY JUDGMENT

James Anthony Cosmano ("Mr. Cosmano"), by and through counsel, submits this Statement of Additional Material Facts in opposition to the United States' second Motion for Summary Judgment and its Amended Statement of Material Facts. These additional facts are submitted pursuant to the applicable summary judgment rules and identify the factual matters, procedural history, evidentiary disputes, and record materials that preclude summary judgment in favor of the United States.

## EXHIBIT LIST

For purposes of this Statement of Additional Material Facts, Mr. Cosmano refers to the following exhibits:

1. **Cosmano Exhibit 1 –** Response of James Cosmano to the United States' Amended L.R. 7056-1 Statement of Material Facts in Support of Its Second Motion for Summary Judgment, filed.
2. **Cosmano Exhibit 2 –** Response of James Cosmano to the United States' L.R. 7056-1 Statement of Material Facts in Support of Motion for Summary Judgment, filed May 5, 2025, ECF No. 79.
3. **Cosmano Exhibit 3 –** Response of James Cosmano to the United States' L.R. 7056-2 Statement of Additional Material Facts in Opposition to James Anthony Cosmano's Motion for Summary Judgment, filed at ECF No. 82.

4. **Cosmano Exhibit 4** – James Cosmano's Response in Opposition to the United States' Motion for Summary Judgment, filed May 5, 2025, ECF No. 78.

5. **Cosmano Exhibit 5** – Affidavit of James Cosmano, ECF No. 79-1.

6. **Cosmano Exhibit 6** – Transcript of Section 341 Meeting of Creditors in Chapter 7 Case, Doc. 69-4 / AP No. 59-2.

7. **Cosmano Exhibit 7** – Plaintiff's Answer to the United States of America's First Set of Interrogatories to Plaintiff James A. Cosmano, Doc. 69-6 / AP No. 59-4.

8. **Cosmano Exhibit 8** – Plaintiff's Answer to the United States of America's First Set of Requests for Production to Plaintiff James A. Cosmano, Doc. 69-7 / AP No. 59-5.

9. **Cosmano Exhibit 9** – Transcript of July 6, 2022 Deposition of James Cosmano, Doc. 69-10 / AP No. 59-6.

10. **Cosmano Exhibit 10** – Plaintiff James A. Cosmano's Response to Defendant United States of America's First Set of Requests for Admission, Doc. 69-11 / AP No. 59-7.

11. **Cosmano Exhibit 11** – March 21, 2019 Appraisal by Michael Kuehn, Doc. 69-12 / AP No. 48-5.

12. **Cosmano Exhibit 12** – May 22, 2020 Appraisal by Kevin Vaught, Doc. 69-17 / AP No. 48-7.

13. **Cosmano Exhibit 13** – Chapter 7 Bankruptcy Petition, Schedules, and Related Filing Materials, Doc. 69-15 / AP No. 59-9.

14. **Cosmano Exhibit 14** – Chapter 7 Discharge Order, Doc. 69-16 / AP No. 94-19.

15. **Cosmano Exhibit 15** – Proof of Claim 3-1 filed by the United States on October 22, 2024.

16. **Cosmano Exhibit 16** – Proof of Claim 3-2 filed by the United States on November 19, 2024.

17. **Cosmano Exhibit 17** – Objection of James Cosmano to Claims 3-1 and 3-2 of the Department of the Treasury-Internal Revenue Service, ECF No. 54.

18. **Cosmano Exhibit 18** – December 12, 2022 ruling and dismissal order entered by Judge A. Benjamin Goldgar in the prior adversary proceeding, AP No. 21-00059, ECF No. 54-4.

19. **Cosmano Exhibit 19** – United States' Amended Statement of Material Facts filed in support of its second Motion for Summary Judgment, ECF No. 135.

**20. Cosmano Exhibit 20 –** United States' Memorandum of Law in Support of Second Motion for Summary Judgment, ECF No. 133-1.

## ADDITIONAL MATERIAL FACTS

**1.** The United States' second Motion for Summary Judgment seeks a determination in this Chapter 13 bankruptcy case that Mr. Cosmano's 2007 through 2010 federal income tax liabilities were not discharged in his prior Chapter 7 case. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.

**2.** The United States' first Motion for Summary Judgment in this Chapter 13 case raised substantially similar allegations, including that Mr. Cosmano allegedly willfully attempted to evade or defeat his 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.

**3.** Mr. Cosmano previously responded to the United States' first Statement of Material Facts on May 5, 2025, and that response provides the organizational and evidentiary framework for responding to the United States' Amended Statement of Material Facts. Record basis: Cosmano Exhibit 2.

**4.** Mr. Cosmano also responded to the United States' Statement of Additional Material Facts, noting that the United States' additional factual statement substantially repeated the facts used to support the United States' own summary judgment motion. Record basis: Cosmano Exhibit 3.

**5.** The United States' Amended Statement of Material Facts relies on documents, declarations, deposition questions, requests for admission, and other materials that Mr. Cosmano disputes as unsupported, unauthenticated, unattached, inadmissible, or otherwise insufficient under the summary judgment rules. Record basis: Cosmano Exhibit 1.

**6.** Mr. Cosmano disputes the United States' attempt to treat his invocation of Fifth Amendment rights as deemed admissions or undisputed facts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.

**7.** Any adverse inference arising from invocation of Fifth Amendment rights is disputed by Mr. Cosmano and, at minimum, requires consideration of the surrounding record and cannot by

itself establish the United States' asserted facts for summary judgment purposes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 4.

**8.** In the prior adversary proceeding, the United States identified James Cosmano, Aida Ortega, Alex Porrata, Bart Brellenthin, and Lucas Jones as witnesses in its interrogatory answers. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3.

**9.** On July 1, 2022, ten days before the close of discovery in the prior adversary proceeding, the United States amended its disclosures to add Michael Kuehn, Mavreen Dunlavy, Kevin Vaught, Justin Storer, Steven Radtke, Geneva Everett, and Ginger Menne. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.

**10.** Mr. Cosmano was prejudiced by the late disclosure of those additional witnesses because there was insufficient time to depose them before the close of discovery, particularly after the United States announced a criminal referral and Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**11.** Mr. Cosmano disputes the use of declarations or testimony from the late-disclosed witnesses in support of summary judgment. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.

**12.** Mr. Cosmano filed federal income tax returns for tax years 2007, 2008, 2009, and 2010, self-reporting tax liabilities of $1,001.00, $0.00, $0.00, and $3,614.00, respectively. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**13.** The IRS examined Mr. Cosmano's 2007 through 2010 returns and made assessments of additional tax and penalties, but Mr. Cosmano disputes the correctness of those assessments. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**14.** The assessments identified in Mr. Cosmano's responses were made for the 2007 tax year on March 15, 2010, and August 11, 2014; for the 2008 tax year on December 1, 2014; for the 2009 tax year on December 1, 2014; and for the 2010 tax year on January 5, 2015. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**15.** Mr. Cosmano disputes the United States' assertion that the alleged outstanding tax liabilities for 2007 through 2010 exceeded $7 million as of August 13, 2021, because he disputes the

correctness of the assessments and the evidentiary foundation for the United States' calculation. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**16.** Without waiving his objections, Mr. Cosmano admits that he made payments totaling $1,146.00 for tax year 2007, a payment of $3,538.00 for tax year 2010, and no payments for tax years 2008 and 2009, for a total of $4,684.00. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**17.** Notices of federal tax liens were recorded in favor of the United States on February 9, 2015, for alleged unpaid liabilities for tax years 2007 through 2010, but Mr. Cosmano disputes that those liens remain enforceable to the extent they expired or were otherwise invalid. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 16.

**18.** Mr. Cosmano disputes the validity of any alleged re-filed notice recorded on March 9, 2020, because his Chapter 7 case was pending at that time and the automatic stay had been modified only as to one parcel of real estate. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 16.

**19.** On January 12, 2018, the United States District Court for the Northern District of Illinois entered a default judgment against Mr. Cosmano for unpaid income taxes, penalties, and interest for tax years 2007 through 2010 in the amount of $6,051,979.50 as of January 9, 2018. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**20.** The January 12, 2018 judgment was entered by default, and Mr. Cosmano disputes that the default judgment establishes dischargeability, willful evasion, fraudulent conduct, or any intent element relevant to the United States' present allegations. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**21.** Mr. Cosmano filed a Chapter 7 bankruptcy petition on May 8, 2019, in Case No. 19-13287, signed the petition under penalty of perjury, and was represented by Justin Storer in connection with that filing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 13.

**22.** Mr. Cosmano listed the Waterside Drive Property on Schedule A/B in the Chapter 7 case with a stated value of $505,000.00 and the notation "Value per 3/19 appraisal." Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11; Cosmano Exhibit 13.

**23.** The March 2019 Kuehn Appraisal stated that the Waterside Drive Property had one bedroom, "1.1" bathrooms, gross living area of 1,135 square feet, and a value of $505,000.00, and it did not include a floorplan. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.

**24.** Mr. Cosmano denies that the March 2019 Kuehn Appraisal was knowingly false, intentionally inaccurate, or obtained for an improper purpose. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 11.

**25.** Mr. Cosmano obtained the Kuehn Appraisal before filing his Chapter 7 bankruptcy petition, and he disputes that obtaining an appraisal before filing bankruptcy constitutes evidence of wrongdoing or willful evasion. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 11.

**26.** Mr. Cosmano attended the Section 341 meeting of creditors on June 11, 2019, and the meeting was conducted by the Chapter 7 Trustee, Steven Radtke. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.

**27.** At the Section 341 meeting, Mr. Cosmano testified under penalty of perjury in response to questions by the Trustee. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.

**28.** During the Section 341 meeting, Mr. Cosmano testified concerning his bankruptcy petition, schedules, statement of financial affairs, assets, debts, and the Waterside Drive Property. Record basis: Cosmano Exhibit 6; Cosmano Exhibit 13.

**29.** The Section 341 transcript cited by the United States also reflects testimony that Mr. Cosmano borrowed money from friends and family to pay bills, including expenses associated with the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.

**30.** Mr. Cosmano disputes the United States' characterization that he lived a lavish lifestyle or spent money on "pricey pursuits" rather than paying tax liabilities. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 5.

**31.** Mr. Cosmano admits only that he occasionally traveled to Las Vegas and, at times, took cash advances of $2,000.00 or more at Rivers Casino in Des Plaines, Illinois, but he denies that those facts establish a lavish lifestyle, willful evasion, or any intent to evade or defeat tax. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 5.

**32.** The bank records on which the United States relies for its gambling-related allegations were challenged by Mr. Cosmano as lacking proper foundation and as being presented through an attorney declaration rather than a competent records custodian or other qualified witness. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**33.** Mr. Cosmano admits that the Waterside Drive Property is located at 450 E. Waterside Drive, Unit 1301, Chicago, Illinois 60601, and admits that he represented during the Section 341 meeting that the mortgage payment was approximately $5,600.00. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.

**34.** Mr. Cosmano disputes that the cited Section 341 testimony establishes that he neither rented out nor used the Waterside Drive Property as a residence. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.

**35.** Mr. Cosmano disputes the United States' calculation that he paid $855,283.53 toward the Waterside Drive Property from his own income or in lieu of paying taxes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 6.

**36.** Mr. Cosmano states that he borrowed funds from friends and family to pay bills, and that fact disputes the United States' inference that payments associated with the Waterside Drive Property were made from funds that otherwise should have been paid to the IRS. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.

**37.** Mr. Cosmano admits that he stated he had no documents responsive to the United States' requests for production in the prior adversary proceeding, but denies that the absence of responsive documents establishes willful evasion, concealment, spoliation, or wrongdoing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 8.

**38.** Mr. Cosmano disputes the United States' assertion that he "employed a standard practice of destroying documents" as evidence of willful evasion or wrongdoing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 7; Cosmano Exhibit 8.

**39.** Mr. Cosmano disputes the United States' assertion that he purchased the Waterside Drive Property as a three-bedroom, three-bathroom condominium unit spanning approximately 2,100 square feet. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5.

**40.** Mr. Cosmano states that he purchased what he believed to be a one-bedroom condominium unit. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5.

**41.** The United States relies on the Declaration of Ginger Menne for allegations concerning the original configuration and later condition of the Waterside Drive Property, but Mr. Cosmano disputes the declaration because Ms. Menne was late-disclosed and because he had no fair opportunity to depose her before discovery closed. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**42.** Mr. Cosmano denies that he caused a false wall to be erected for the purpose alleged by the United States and denies that admissible evidence establishes that he concealed square footage of the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9; Cosmano Exhibit 10.

**43.** The United States' allegations that Mr. Cosmano caused a false wall to be erected for the purpose of reducing appraised value rely substantially on deposition questions and requests for admission to which Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.

**44.** Mr. Cosmano denies that he caused a false wall to be erected, denies that he caused any wall to be erected to make the property appear smaller, and denies that he caused any appraisal to reflect a value lower than the property's true value. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9; Cosmano Exhibit 10.

**45.** The Kuehn Appraisal was a drive-by market appraisal, and Mr. Kuehn did not physically inspect the interior of the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.

**46.** Mr. Cosmano denies that he knowingly provided false information to Mr. Kuehn, concealed information from Mr. Kuehn, or procured an inaccurate appraisal from Mr. Kuehn. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 11.

**47.** Mr. Cosmano disputes the United States' allegation that he knew the Kuehn Appraisal was inaccurate, because the cited record consists of deposition questions to which he invoked his Fifth Amendment rights rather than affirmative admissions. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9.

**48.** Mr. Cosmano denies that he wanted the Kuehn Appraisal to value the Waterside Drive Property below its actual value, denies that he lied to Mr. Kuehn, and denies that he caused the Kuehn Appraisal to be inaccurate. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9.

**49.** Mr. Cosmano admits only that the Kuehn Appraisal was sought for tax-related purposes, and denies that it was sought based on false information or for an improper purpose. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.

**50.** Mr. Cosmano denies that he sought the Kuehn Appraisal to prevent the Waterside Drive Property from becoming a source for payment of federal income taxes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9.

**51.** On or about May 22, 2020, Mr. Cosmano obtained a second appraisal of the Waterside Drive Property by Kevin Vaught, and the Vaught Appraisal valued the property at $497,500.00. Record basis: Cosmano Exhibit 12; Cosmano Exhibit 19.

**52.** The Vaught Appraisal, like the Kuehn Appraisal, stated that the Waterside Drive Property had one bedroom and spanned 1,135 square feet, and it did not include a floorplan. Record basis: Cosmano Exhibit 12; Cosmano Exhibit 19.

**53.** Mr. Cosmano disputes that the Vaught Appraisal was knowingly false or obtained for an improper purpose, and he states that he was living in and using the unit as what he believed to be a one-bedroom apartment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5; Cosmano Exhibit 12.

**54.** Mr. Cosmano states that if he knew the Waterside Drive Property was larger than it appeared, he would not have invited Mr. Vaught into the property for the valuation. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**55.** Mr. Cosmano disputes that asking an appraiser to consider or be consistent with a prior appraisal establishes that he asked anyone to lie or conceal information. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**56.** The United States' allegations concerning statements to Mr. Vaught rely on the Declaration of Kevin Vaught, a witness whom Mr. Cosmano contends was late-disclosed and whom he

did not have a fair opportunity to depose before discovery closed. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 12.

**57.** The United States' allegations that Mr. Cosmano knew the Vaught Appraisal was inaccurate and wanted it to undervalue the Waterside Drive Property rely in substantial part on deposition questions to which Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 9; Cosmano Exhibit 19.

**58.** Mr. Cosmano referenced or proffered the Kuehn Appraisal and Vaught Appraisal in filings in the Chapter 7 case concerning lien avoidance, but disputes that his use of appraisals he believed to be accurate establishes fraud, concealment, or willful tax evasion. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12; Cosmano Exhibit 13.

**59.** Mr. Cosmano also relied on the Kuehn Appraisal and Vaught Appraisal in District Court lien-enforcement litigation, but disputes that doing so establishes that he knowingly submitted false valuations or intended to evade taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.

**60.** The United States voluntarily dismissed the prior lien-enforcement action in view of duplicative litigation later commenced by Mr. Cosmano's mortgage holder and removed to the District Court. Record basis: Cosmano Exhibit 19.

**61.** Mr. Cosmano disputes the United States' allegation that he lied to the Bankruptcy Court or District Court about the value of the Waterside Drive Property because those allegations rely substantially on Fifth Amendment invocations and disputed inferences rather than affirmative admissions. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.

**62.** The Chapter 7 Court entered an order of discharge in Mr. Cosmano's Chapter 7 case on August 13, 2019. Record basis: Cosmano Exhibit 14.

**63.** The discharge order included explanatory language stating that most debts are discharged but not all, and that examples of debts not discharged include most taxes and debts the bankruptcy court has decided or will decide are not discharged. Record basis: Cosmano Exhibit 14.

**64.** On December 12, 2022, Judge A. Benjamin Goldgar dismissed the prior adversary proceeding after determining that the dischargeability dispute was not ripe because the United States had not made a threat to collect the taxes at issue. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.

**65.** Neither Mr. Cosmano nor the United States appealed Judge Goldgar's December 12, 2022 dismissal ruling. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.

**66.** Judge Goldgar's ruling stated that, with limited exceptions not relevant there, a potentially nondischargeable debt is discharged until a court determines otherwise, and that Mr. Cosmano's tax debt was then discharged and could be treated as such. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.

**67.** The United States did not take action to collect the tax debt from Mr. Cosmano after the December 12, 2022 ruling until filing proofs of claim in this Chapter 13 case. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 15; Cosmano Exhibit 16.

**68.** Mr. Cosmano filed this Chapter 13 case after the prior adversary proceeding was dismissed and after Judge Goldgar's ruling that the tax debt was then discharged unless and until a court determined otherwise. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.

**69.** In this Chapter 13 case, Mr. Cosmano's schedules listed total assets of $124,650.00, Schedule D liabilities of $137,000.00, Schedule E/F liabilities of $0.00, monthly income of $2,850.00, monthly expenses of $2,492.00, and net monthly income of $358.00. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.

**70.** The financial information in Mr. Cosmano's Chapter 13 schedules disputes the United States' characterization that he was living a lavish lifestyle at the time of the Chapter 13 case. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.

**71.** The United States filed Claim 3-1 on October 22, 2024, asserting a total amount of $8,355,333.73, all as unsecured non-priority. Record basis: Cosmano Exhibit 15; Cosmano Exhibit 4.

**72.** The United States filed Claim 3-2 on November 19, 2024, asserting a total amount of $8,355,333.73, with $397,440.00 asserted as secured and $7,957,893.73 asserted as unsecured non-priority. Record basis: Cosmano Exhibit 16; Cosmano Exhibit 4.

**73.** Mr. Cosmano objected to Claims 3-1 and 3-2 after the United States filed those proofs of claim in this Chapter 13 case. Record basis: Cosmano Exhibit 17; Cosmano Exhibit 4.

**74.** Mr. Cosmano contends that he had no choice but to object to the United States' proofs of claim after they were filed notwithstanding Judge Goldgar's prior ruling concerning ripeness and the then-discharged status of the tax debt. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 17; Cosmano Exhibit 18.

**75.** The United States' nondischargeability theory in this case concerns tax years 2007 through 2010 only. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.

**76.** Much of the conduct relied on by the United States occurred years after the 2007 through 2010 tax years and after the Chapter 7 petition was filed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.

**77.** Mr. Cosmano disputes that post-petition conduct, including conduct related to lien avoidance, foreclosure litigation, appraisals, or contempt proceedings, establishes that he willfully attempted to evade or defeat 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**78.** Mr. Cosmano disputes the United States' allegation that he concealed or destroyed property subject to IRS liens. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**79.** Mr. Cosmano disputes the allegation that he violently broke into the Waterside Drive Property after appointment of a receiver or vandalized the property. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**80.** Mr. Cosmano maintains that the Waterside Drive Property had been broken into before his arrival and that a police officer was present who could attest to that circumstance. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**81.** Mr. Cosmano was held in contempt, but he disputes that the contempt finding establishes that he caused damage to the Waterside Drive Property or acted with intent to evade taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**82.** Mr. Cosmano states that he was forced to invoke his Fifth Amendment rights during later proceedings because of the United States' announcement of a criminal referral. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9.

**83.** As of the filing of Mr. Cosmano's May 5, 2025 opposition, no criminal action had been filed against him despite the prior announcement of a criminal referral. Record basis: Cosmano Exhibit 4.

**84.** Mr. Cosmano disputes that any alleged failure to cooperate in discovery was evidence of willful evasion, because his invocation of constitutional rights followed the United States' criminal-referral announcement. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9; Cosmano Exhibit 10.

**85.** The United States' cited exhibits in support of its first summary judgment motion included declarations, bank records, discovery responses, deposition testimony, requests for admission, appraisal-related materials, and District Court documents, but Mr. Cosmano disputes that those exhibits prove that he lied, hid assets, destroyed property, or frittered away resources. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.

**86.** Mr. Cosmano disputes that the United States has presented direct testimony from any witness establishing that Mr. Cosmano asked that witness to lie, hide information, conceal an asset, or falsify an appraisal. Record basis: Cosmano Exhibit 4.

**87.** Mr. Cosmano disputes that the United States has presented admissible evidence establishing his state of mind, including any voluntary, conscious, and intentional attempt to evade or defeat payment of tax. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**88.** Mr. Cosmano disputes that he filed fraudulent tax returns for 2007 through 2010, and the United States does not contend that the returns themselves were fraudulent; instead, the United States relies on an alleged willful-attempt theory. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.

**89.** Mr. Cosmano disputes that the United States has established the conduct requirement or the mental-state requirement necessary to prove a willful attempt to evade or defeat tax. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**90.** Mr. Cosmano disputes that the record establishes the badges of fraud or other conduct factors asserted by the United States, including significant repeated understatement of income, failure to file returns, repeated late filing, implausible behavior, failure to cooperate with

tax authorities, concealment of assets, cash dealings, transfers to family members, or transfers reducing assets available for execution. Record basis: Cosmano Exhibit 4.

**91.** Mr. Cosmano maintains that he believed the assessed income and liabilities asserted by the United States were incorrect and that he had not received documentation proving the alleged income. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**92.** Mr. Cosmano disputes the United States' assertion that he made discretionary purchases rather than paying taxes, because the record does not establish that the payments or expenses identified by the United States were made from funds available to pay the IRS. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.

**93.** Mr. Cosmano disputes that his ownership of the Waterside Drive Property and the Mount Prospect property establishes a lavish lifestyle or willful evasion of taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5; Cosmano Exhibit 13.

**94.** Mr. Cosmano states that he was overextended, could not afford his liabilities, and filed for relief under the Bankruptcy Code. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.

**95.** Mr. Cosmano disputes that leaving the Waterside Drive Property vacant was done to waste assets; he states that he was painting, redoing floors, and updating the kitchen and bathroom with help from friends, and intended to return to the condominium after the work was completed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**96.** The United States' evidence concerning the alleged lavish lifestyle does not include evidence comparable to the type of extreme luxury spending, criminally funded lifestyle, or dissipation of victim funds described in the examples discussed in Mr. Cosmano's opposition. Record basis: Cosmano Exhibit 4.

**97.** Mr. Cosmano disputes that the United States has any admissible evidence or corroborative evidence sufficient to convert his Fifth Amendment invocations into undisputed facts for summary judgment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9; Cosmano Exhibit 10.

**98.** The United States' first summary judgment record included declarations from witnesses whom Mr. Cosmano contends were not timely disclosed, and Mr. Cosmano disputes that

such declarations can be used to eliminate genuine issues of material fact. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3; Cosmano Exhibit 4.

**99.** Mr. Cosmano disputes that materials attached to attorney declarations, including third-party records and loan documents, are admissible without proper foundation from a competent records custodian or other qualified witness. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.

**100.** Mr. Cosmano disputes that the United States' amended factual submissions cure the evidentiary deficiencies identified in his prior responses, including lack of foundation, hearsay, late-disclosed witnesses, and reliance on Fifth Amendment invocations. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.

**101.** Mr. Cosmano disputes that the United States' Amended Statement of Material Facts properly establishes the facts necessary to support summary judgment because many paragraphs rely on contested documents, declarations, and inferences that require credibility determinations and weighing of evidence. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4.

**102.** Mr. Cosmano disputes that the United States can obtain a determination of nondischargeability in the main Chapter 13 case through a motion for summary judgment rather than through an adversary proceeding. Record basis: Cosmano Exhibit 4.

**103.** Mr. Cosmano contends that dischargeability must be determined, if at all, in an adversary proceeding, and that the prior adversary proceeding was dismissed and remains closed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.

**104.** Mr. Cosmano disputes that the United States may use the prior adversary proceeding, after dismissal and closure, as the procedural vehicle for obtaining a nondischargeability ruling in this Chapter 13 case. Record basis: Cosmano Exhibit 4.

**105.** Mr. Cosmano contends that the United States' nondischargeability theory was not pleaded as an affirmative defense or counterclaim in the prior adversary proceeding despite the United States having the opportunity to do so. Record basis: Cosmano Exhibit 4.

**106.** In the prior adversary proceeding, discovery closed before the late-disclosed witnesses were added, and Mr. Cosmano disputes any attempt by the United States to rely on those

witnesses without having afforded him a fair opportunity for deposition or cross-examination. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3; Cosmano Exhibit 4.

**107.** Mr. Cosmano disputes that summary judgment may be entered for the United States on disputed issues of intent, knowledge, purpose, valuation, credibility, and alleged concealment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**108.** Mr. Cosmano disputes that the United States' amended submissions identify any witness with personal knowledge who directly observed Mr. Cosmano erect a wall, instruct someone to erect a wall, destroy property, conceal property, or ask any appraiser to lie. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**109.** Mr. Cosmano disputes that the United States' evidence establishes that he knowingly used inaccurate appraisals in the Chapter 7 case, District Court lien-enforcement action, or Wilmington foreclosure litigation. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.

**110.** Mr. Cosmano disputes that the Kuehn Appraisal and Vaught Appraisal were procured or used to evade payment of taxes, and states that he believed the taxes had been discharged and that the assessments were incorrect. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12; Cosmano Exhibit 18.

**111.** Mr. Cosmano disputes that his defense of lien-enforcement, lien-avoidance, or foreclosure proceedings establishes a willful attempt to evade tax, because he believed the tax liabilities had been discharged or were incorrectly calculated. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.

**112.** Mr. Cosmano disputes that any alleged contempt finding in the District Court determines the separate bankruptcy-law issue whether his 2007 through 2010 tax liabilities were discharged or excepted from discharge. Record basis: Cosmano Exhibit 4.

**113.** Mr. Cosmano contends that, to the extent the United States relies on alleged post-petition conduct, such conduct does not automatically render the entire asserted tax debt nondischargeable. Record basis: Cosmano Exhibit 4.

**114.** Mr. Cosmano contends that, if the Court were to consider any nondischargeability issue, the amount and scope of any nondischargeable debt would remain disputed. Record basis: Cosmano Exhibit 4.

**115.** Mr. Cosmano disputes that the United States has established that the entire amount asserted in Claim 3-1 or Claim 3-2 is allowable, secured, enforceable, or nondischargeable. Record basis: Cosmano Exhibit 15; Cosmano Exhibit 16; Cosmano Exhibit 17; Cosmano Exhibit 4.

**116.** Mr. Cosmano disputes that Claim 3-2 properly recharacterized part of the United States' claim as secured without resolving the disputed validity, enforceability, and expiration of the alleged liens. Record basis: Cosmano Exhibit 16; Cosmano Exhibit 17; Cosmano Exhibit 4.

**117.** Mr. Cosmano contends that the United States waited approximately twenty-eight months after dismissal of the prior adversary proceeding and approximately ten months after notice of the Chapter 13 case before raising its present nondischargeability theory in this Chapter 13 case. Record basis: Cosmano Exhibit 4.

**118.** Mr. Cosmano contends that the United States has not provided an adequate explanation for its delay in seeking a nondischargeability determination after the prior adversary proceeding was dismissed. Record basis: Cosmano Exhibit 4.

**119.** Mr. Cosmano contends he was prejudiced by the United States' delay because he filed the Chapter 13 case and submitted monthly payments under his proposed plan after the prior adversary proceeding was dismissed. Record basis: Cosmano Exhibit 4.

**120.** Mr. Cosmano contends he was further prejudiced because the United States raised nondischargeability in the Chapter 13 case by motion rather than through an adversary proceeding. Record basis: Cosmano Exhibit 4.

**121.** Mr. Cosmano disputes that the United States' Motion for Summary Judgment and Amended Statement of Material Facts identify undisputed facts entitling it to judgment as a matter of law. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.

**122.** Mr. Cosmano disputes the United States' characterization that the facts supporting nondischargeability are not subject to reasonable dispute. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.

**123.** Mr. Cosmano disputes that the United States has presented undisputed evidence that he voluntarily, consciously, and intentionally attempted to violate a known duty to pay the 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.

**124.** Mr. Cosmano disputes that the United States has established, through admissible evidence, any causal connection between the challenged appraisals, litigation positions, or property disputes and the alleged nonpayment of 2007 through 2010 taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.

**125.** Mr. Cosmano disputes that the United States has eliminated genuine factual disputes regarding his belief that the Waterside Drive Property was a one-bedroom unit and his belief that the appraisals reflected the unit as he understood and used it. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 5.

**126.** Mr. Cosmano disputes the United States' use of argumentative section headings and characterizations in the Amended Statement of Material Facts, including characterizations that he "peddled" skewed valuations or "willfully sabotaged" collection efforts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 19.

**127.** The section headings used by the United States are argumentative and disputed by Mr. Cosmano and do not themselves constitute facts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 19.

**128.** Mr. Cosmano contends that the factual disputes identified in his responses to the Amended Statement of Material Facts and in this Statement of Additional Material Facts require denial of the United States' second Motion for Summary Judgment. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4.

**129.** Mr. Cosmano incorporates the objections and responses set forth in his Response to the United States' Amended Statement of Material Facts as additional record support for the existence of genuine issues of material fact. Record basis: Cosmano Exhibit 1.

**130.** Mr. Cosmano incorporates the factual statements, denials, admissions without waiver, and evidentiary objections set forth in his May 5, 2025 response to the United States' prior Statement of Material Facts to the extent those responses concern the same or substantially similar factual allegations. Record basis: Cosmano Exhibit 2.

**131.** Mr. Cosmano incorporates the factual statements, denials, admissions without waiver, and evidentiary objections set forth in his response to the United States' Statement of Additional Material Facts to the extent those responses concern the same or substantially similar factual allegations. Record basis: Cosmano Exhibit 3.

**132.** The disputes identified in this Statement include disputes concerning admissibility, foundation, witness disclosure, Fifth Amendment inferences, Mr. Cosmano's knowledge, Mr. Cosmano's intent, the configuration and value of the Waterside Drive Property, the correctness of the tax assessments, the effect of the prior discharge, the procedural propriety of the United States' request, and the scope and amount of any alleged nondischargeable debt. Record basis: Cosmano Exhibits 1 through 20.

## RESERVATION

Mr. Cosmano submits this Statement of Additional Material Facts without waiving any objections stated in his Response to the United States' Amended Statement of Material Facts, including objections based on foundation, authentication, hearsay, late disclosure, improper reliance on Fifth Amendment invocations, improper legal conclusions, argumentative characterizations, and procedural defects. Mr. Cosmano further reserves all rights to rely on any additional record materials properly before the Court..

Dated: August 31, 2026

Respectfully submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq.
ARDC No. 6209530
Counsel for James Anthony Cosmano

Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60062
Phone: (847) 564-0808
Email: Paul@BachOffices.com

**CERTIFICATE OF SERVICE**

I, Paul M. Bach, certify that on August 31, 2026, I caused a copy of the foregoing James Anthony Cosmano's Statement of Additional Material Facts in Opposition to the United States' Second Motion for Summary Judgment to be served through the Court's CM/ECF system upon all counsel of record, including counsel for the United States of America.

/s/ Paul M. Bach
Paul M. Bach, Esq.