IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Anthony Cosmano, | ) | NO. 24-09140 |
| Debtor | ) | |
| | ) | Chapter 13 |
| | ) | Honorable Judge Timothy A. Barnes |

# JAMES ANTHONY COSMANO'S ("COSMANO") MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES' SECOND MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The United States' ("U.S.") Second Motion for Summary Judgment should be denied because the U.S. seeks a finding of willful tax evasion for tax years 2007 through 2010 without the primary financial records from those years. The IRS does not have the relevant tax returns because, according to the U.S., they were lost. The U.S. failed to produce the corresponding bank statements for those years as well. Those records are not collateral evidence. They are the primary records that would bear directly on the income reported, the taxes assessed, financial circumstances, expenditures, available funds, ability to pay, and the nature of his conduct during the years at issue.

The absence of those records is significant as the U.S. bears the burden of proving that Cosmano willfully attempted to evade or defeat the 2007-2010 tax liabilities. Under the Seventh Circuit standard, nonpayment alone is insufficient. *In re Birkenstock*, 87 F.3d 947, 951 (7th Cir. 1996). The U.S. must establish both the requisite evasive conduct and a voluntary, conscious, and intentional attempt to violate a known tax duty. *Id.*

The U.S. asks the Court to resolve this action without the primary financial records from the relevant years. Instead, it relies heavily on evidence concerning the Waterside Drive

Property, a disputed 2010 loan application, alleged mortgage payments, alleged gambling activity, later appraisals, post-Chapter 7 lien and foreclosure litigation, and adverse inferences from Cosmano's Fifth Amendment invocations. That evidence does not eliminate the evidentiary gap created by the absence of the 2007–2010 tax returns and bank statements. It establishes disputed facts.

The U.S.'s reliance on property-related evidence is problematic because much of that evidence concerns the Waterside Drive Property not the tax years themselves. The U.S. asks the Court to infer willful tax evasion from disputed appraisals, an alleged wall, property valuation, lien litigation, etc. But those matters do not establish what occurred in Cosmano's finances during 2007-2010. At most, they create disputed inferences. Missing primary financial records do not establish the required mental state as a matter of law.

The U.S.'s reliance on post-petition events—including the May 2020 appraisal, lien and foreclosure proceedings, receiver issues, and contempt allegations—does not establish a prepetition, intentional effort to evade the 2007–2010 taxes. The U.S.'s case instead depends on disputed facts concerning the 2010 loan application, alleged $200,000 bank balance, $3,000 monthly mortgage payments, gambling activity, and ownership of 2500 Windsor Mall. Cosmano disputes these allegations and their evidentiary support. The Court cannot resolve these factual disputes, assess credibility, or draw inferences for the U.S. on summary judgment.

This case therefore presents a fundamental evidentiary problem: the U.S. seeks summary judgment on the question of willful tax evasion while the primary financial records from the four tax years at issue are unavailable**.** The U.S. cannot transform that absence into proof by asking the Court to rely on later property evidence and disputed circumstantial inferences. Because the record permits a reasonable factfinder to reach conclusions favorable to Cosmano concerning his

financial circumstances, ability to pay, conduct, and intent, genuine disputes of material fact remain. For these reasons, and for the additional reasons set forth below, the U.S.'s Second Motion for Summary Judgment should be denied.

II. STATEMENT OF FACTS

Cosmano filed federal income tax returns for tax years 2007- 2010, self-reporting tax liabilities of $1,001.00, $0.00, $0.00, and $3,614.00, respectively. The IRS later examined those returns and assessed additional taxes and penalties, but Cosmano disputes the correctness of those assessments. A default judgment was entered in January 2018 for unpaid income taxes, penalties, and interest for those same tax years, but Cosmano disputes that the default judgment establishes dischargeability, willful evasion, fraudulent conduct, or intent.

Cosmano filed for Chapter 7 bankruptcy on May 8, 2019, and received a discharge on August 13, 2019. On December 12, 2022, Judge Goldgar dismissed the prior adversary proceeding, finding the dischargeability dispute was not ripe because the U.S. had not threatened to collect the taxes. The court held that, absent limited exceptions not applicable here, Cosmano's tax debt was discharged unless and until a court determined otherwise.

In the Chapter 13 case, the IRS filed Claims 3-1 and 3-2 totaling $8,355,333.73, including $397,440 secured and $7,957,893.73 unsecured. Cosmano objected. The U.S. again seeks summary judgment, arguing the 2007–2010 taxes are nondischargeable and relying on the Waterside Drive Property. Cosmano valued it at $505,000 based on a March 2019 appraisal and denies the appraisal was knowingly false, inaccurate, or improperly obtained.

The U.S. also relies on a May 2020 appraisal obtained after the Chapter 7 petition and discharge. Cosmano disputes that the appraisal was knowingly false or improperly obtained and states he believed he was living in a one-bedroom apartment. He also denies causing a false wall,

making the property appear smaller, or causing it to be undervalued.

Cosmano disputes the U.S.'s "lavish lifestyle" theory, admitting only occasional Las Vegas travel and a $2,000 casino cash advance. He denies these facts show a lavish lifestyle, willful tax evasion, or intent to evade taxes, and states that friends and family helped pay his bills. He also challenges the U.S.'s evidence as unsupported, unauthenticated, inadmissible, or insufficient for summary judgment. Finally, he disputes treating his Fifth Amendment invocations as admissions and objects to declarations or testimony from late-disclosed witnesses.

III. LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Bnk. R. Civ. P. 7056. A dispute is genuine only if the evidence would permit a reasonable jury to find for the nonmoving party. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must construe the record and draw reasonable inferences in favor of the nonmovant, but speculation cannot defeat summary judgment. *Fletcher v. Doig*, 145 F.4th 756, 764 (7th Cir. 2025); *Omnicare, Inc. v. Unitedhealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011); *Johnson v. Rimmer*, 936 F.3d 695, 706 (7th Cir. 2019). The Court may not weigh evidence or make credibility determinations. *Whitaker v. Dempsey*, 144 F.4th 908, 917 (7th Cir. 2025) (citing *Omnicare*, 629 F.3d at 704–05).

Because the U.S. bears the burden of proving nondischargeability, it must establish that the record is so one-sided that no reasonable factfinder could find for Cosmano. *Chessen v. Am. Queen Steamboat Operating Co.*, 461 F. Supp. 3d 845, 846 (S.D. Ind. 2020) (citing *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009)). The movant must identify each required element and cite admissible evidence establishing those elements. *UL L.L.C. v. Am. Energy Prods., L.L.C.*,

358 F. Supp. 3d 753, 758 (N.D. Ill. 2019) (citing *Hotel 71 Mezz Lender L.L.C. v. Nat'l Ret. Fund.*, 778 F.3d 593, 601 (7th Cir. 2015)).

The U.S. must prove by a preponderance of the evidence that the tax debt falls within the discharge exception. *Thorngren v. United States (In re Thorngren),* 227 B.R. 139, 142 (Bankr. N.D. Ill. 1998). The exception requires both conduct and intent: the debtor must have sought to evade or defeat the tax and done so willfully. *Krumhorn v. United States (In re Krumhorn*), 249 B.R. 295, 298 (Bankr. N.D. Ill. 2000) (citing *In re Birkenstock*, 87 F.3d 947, 951 (7th Cir. 1996)). Willfulness requires proof that the debtor knew of the tax duty and voluntarily and intentionally attempted to violate it. *Id.*

Exceptions to discharge are construed in favor of the debtor, and nonpayment alone does not establish willful evasion. *Birkenstock,* 87 F.3d at 951. Whether a debtor willfully attempted to evade taxes is fact-intensive and determined from the totality of the record. *Berzon v. United States*, 145 B.R. 247, 250 (Bankr. N.D. Ill. 1992). Evidence must be relevant to be admissible, and even relevant evidence may be excluded when its probative value is substantially outweighed by unfair prejudice, confusion, delay, or other Rule 403 concerns. *Fed. R. Evid. 401–403*.

## IV. ARGUMENT

### A. Disputed Material Facts Preclude Summary Judgment

Summary judgment is improper because the record contains genuine disputes over material facts that must be resolved by a factfinder. *Fed.R.Civ.P. 56, Bnk. R. Civ. P. 7056*. Summary judgment is only permitted when the movant shows "that there is no genuine dispute as to any material fact" and is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56, Bnk. R. Civ. P. 7056*. At this stage, the Court must believe the nonmovant's evidence, draw all justifiable

inferences in the nonmovant's favor, and refrain from weighing evidence or making credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). Because a reasonable trier of fact could credit Cosmano's evidence and testimony over the U.S. on outcome-affecting facts, the motion should be denied.

B. The U.S. Has Not Met the Seventh Circuit Standard for Nondischargeability.

The U.S.'s motion begins from the wrong premise. It treats the existence of large assessments, limited payments, and later property disputes as though they automatically establish willful evasion. They do not. The Seventh Circuit standard requires proof of both conduct and willfulness. *Krumhorn*, 249 B.R. at 298. The willfulness component prevents nondischargeability from reaching inadvertent mistakes and reserves it for knowing and deliberate efforts to evade tax liability. *Sommers v. IRS (In re Sommers)*, 209 B.R. 471, 479 (Bankr. N.D. Ill. 1997). Mere nonpayment is not enough because inability to pay is common to honest and dishonest debtors alike. *In re Birkenstock*, 87 F.3d 947, 951 (7th Cir. 1996).

The U.S.'s amended statement confirms that Cosmano filed returns for the years at issue, though Cosmano disputes the IRS assessments and the alleged evidence of repeated underreporting, noncompliance, concealment, cash dealings, or asset transfers. The U.S. points to only $4,684 in payments toward the assessed liabilities, but nonpayment alone does not bar discharge. *Birkenstock*, 87 F.3d at 951. The U.S. must prove that Cosmano voluntarily, consciously, and intentionally violated a known duty to pay the 2007–2010 liabilities. *Krumhorn*, 249 B.R. at 298. Cosmano disputes that the U.S. has presented undisputed evidence of that required mental state. Accordingly, summary judgment should be denied.

The U.S.'s evidence may permit an inference that Cosmano owed taxes and did not pay them. But that is not the question before the Court on summary judgment. The question is

whether the U.S. has established undisputed facts from which a reasonable factfinder must conclude that Cosmano voluntarily, consciously, and intentionally attempted to evade or defeat those taxes. The U.S. has not. The U.S. cannot satisfy its burden by asking the Court to stack inference upon inference concerning Cosmano's income, assets, expenditures, property interests, and intent. At most, its evidence presents disputed facts and competing inferences concerning whether Cosmano had the ability to pay and, more importantly, whether he intentionally attempted to evade a known tax obligation. Those issues cannot be resolved in the U.S.'s favor on summary judgment.

C. U.S. cannot convert condominium allegations into Tax Evasion.

The U.S.'s condominium theory does not establish willful tax evasion as a matter of law. Its motion centers on the Waterside Drive Property, appraisals, an alleged wall, lien litigation, foreclosure litigation, and contempt proceedings—matters distinct from whether Cosmano voluntarily, consciously, and intentionally attempted to evade his 2007 through 2010 income taxes. Cosmano denies that he caused any false wall to be erected, concealed square footage, misled an appraiser, or procured an inaccurate appraisal. Those disputes concern knowledge, intent, valuation, credibility, and causation, and they cannot be resolved on summary judgment.

Nor do the appraisals carry the U.S.'s burden. The prepetition Kuehn Appraisal identified a value and property description, but Cosmano disputes that it was knowingly false or obtained for an improper purpose. The later Vaught Appraisal is even less probative because it was obtained after the Chapter 7 petition and after discharge. Evidence concerning post-petition appraisal or lien litigation conduct must still bear on a fact of consequence to the dischargeability issue. *Fed. R. Evid. 401*. Because later appraisal and lien disputes do not, by themselves, prove a willful prepetition attempt to evade the tax liabilities, they cannot support summary judgment.

Irrelevant evidence is not admissible. *Id. R. 402*.

At most, the condominium evidence presents contested inferences. Cosmano states that he purchased and used what he believed to be a one-bedroom unit, and he disputes that the U.S. has eliminated factual issues concerning his understanding of the property, the appraisals, or the unit's condition. Recasting those disputed facts as a "rigged" appraisal theory does not convert them into undisputed proof of tax evasion.

Because the U.S. cannot show evidence that the allegations regarding the condominium allegations do not establish undisputed proof of willfulshow tax evasion, the motion should be denied.

D. Post-Chapter 7 Evidence Does Not Determine if the 2007-2010 Taxes Were Discharged.

The U.S. also relies on post-Chapter 7 events, including the May 2020 appraisal, lien-avoidance filings, District Court lien litigation, foreclosure proceedings, receiver issues, and contempt allegations. Those matters do not decide whether the 2007 through 2010 taxes were discharged in the prior Chapter 7 case. Evidence must concern a fact of consequence to that dischargeability issue. *Fed.R.Evid.401*. Evidence occurring after the Chapter 7 petition and discharge cannot, by itself, prove that Cosmano had already willfully attempted to evade the taxes before that case. Evidence that does not bear on that question is not admissible. *Id. R. 402*.

This distinction is dispositive. Cosmano disputes that later lien-avoidance, foreclosure, appraisal, or contempt-related events establish the mental state required for nondischargeability. If the U.S. contends those later events caused separate harm, that is a different issue. The present motion seeks summary judgment on dischargeability, and the U.S. has not shown that later condominium disputes prove the required prepetition willful tax evasion.

Because the U.S. does not have undisputed evidence to show that the alleged post-Chapter

7 evidence relates to a prepetition willful attempt to evade the 2007 through 2010 taxes, the motion should be denied.

E. The U.S.'s "Lavish Lifestyle" Argument Is Unsupported and Disputed.

The U.S. argues that Cosmano spent money on gambling, travel, condominium ownership, and mortgage payments rather than taxes. But nonpayment alone is insufficient; the U.S. must prove a willful attempt to evade or defeat the tax. *In re Birkenstock*, 87 F.3d at 951. Spending may be considered only as part of the totality of circumstances bearing on willfulness. *Sommers*, 209 B.R. at 479. Personal expenditures are relevant only when tied to the conduct or essential element at issue. *United States v. Ellis*, 548 F.3d 539, 542–43 (7th Cir. 2008). Here, the U.S. has not established an undisputed connection between the alleged expenditures and a willful attempt to evade the 2007–2010 taxes.

Cosmano disputes the "lavish lifestyle" characterization, noting only occasional Las Vegas travel and certain casino cash advances. He also disputes that the condominium payments came from funds otherwise available to pay the IRS, stating that he borrowed money from friends and family to pay bills, including Waterside Drive expenses. These factual disputes cannot be resolved on summary judgment.

Finally, the lifestyle evidence risks confusing the dischargeability issue, which turns on willfulness—not the Court's view of Cosmano's spending, travel, or former condominium. *Fed. R. Evid. 403.*

1. The 2010 Loan Application Does Not Establish Income, Assets, or Willful Intent.

The U.S. relies on a purported 2010 loan application to claim that Cosmano had approximately $20,833 in monthly income and a $200,000 checking-account balance. But it has not produced underlying bank records, a signed application, or other competent evidence

establishing that Cosmano made or verified those representations. Nor can it corroborate the income figure through the relevant tax returns, which the U.S. acknowledges it lost. The absence of its own records cannot provide an evidentiary advantage.

Even if considered, the loan application does not establish that the reported funds remained available when the taxes became due, were disposable after other obligations, or were intentionally withheld from the IRS. The 2010 application predates the IRS examination, assessment, judgment, and collection proceedings, and the U.S. identifies no evidence connecting it to an effort to evade the taxes at issue.

The U.S. therefore asks the Court to infer that the document is attributable to Cosmano, the figures were accurate, the funds existed and remained available, and Cosmano intentionally chose not to pay the IRS. Those disputed inferences cannot establish summary judgment, particularly without supporting bank records or a signed document.

2. The U.S. Incorrectly Attributes a Chase P.A.I.D. Mortgage Program.

The U.S. asserts that third-party bank records show Cosmano made $3,000 monthly payments through a Chase Home Finance P.A.I.D. mortgage program. *See Ex. 5, at 17.* That assertion is incorrect; Cosmano did not have such a program.

The U.S. has produced no competent evidence that Cosmano enrolled in, authorized, or made payments through a P.A.I.D. program, such as an agreement, authorization, or account history. The alleged payments are material only because the U.S. uses them to infer disposable income that Cosmano intentionally spent on real estate rather than taxes. Without evidence establishing the payments or their source, that inference fails.

At minimum, the accuracy and foundation of the U.S.'s characterization are disputed. The Court cannot treat the purported P.A.I.D. payments as an undisputed fact or draw the U.S.'s

requested inferences in its favor on summary judgment.

3. Alleged Gambling Evidence Does Not Establish Gambling Activity or Tax Evasion.

The allegation that Cosmano's bank records establish gambling activity is inaccurate and misleading. Although he occasionally traveled to Las Vegas, those trips were to assist and care for his sick uncle, not to gamble. Likewise, Cosmano received only one $2,000 cash advance from Rivers Casino in Des Plaines, Illinois, which was not obtained or used for gambling.

Thus, the bank records do not establish gambling activity. Even if some gambling were shown, the U.S. would still have to connect it to a voluntary, conscious, and intentional attempt to evade the 2007–2010 tax liabilities. It has not done so.

4. The U.S. Has Failed to Establish the Nature or Existence of Cosmano's Ownership Interest in the 2500 Windsor Mall Property.

These unresolved issues defeat the U.S.'s ability-to-pay theory. Section 523(a)(1)(C) requires proof of a willful attempt to evade or defeat taxes, not merely disputed assets or expenditures. The U.S. has not established as an undisputed fact that the property provided funds sufficient to support such a finding. Cosmano's Chapter 13 schedules further dispute the U.S.'s characterization, listing $124,650 in assets, $137,000 in Schedule D liabilities, $2,850 monthly income, $2,492 in expenses, and only $358 in net monthly income.

F. The Fifth Amendment Invocations Do Not Create Undisputed Facts.

The U.S. repeatedly asks the Court to treat Cosmano's Fifth Amendment invocations as affirmative admissions. That is not a proper basis for summary judgment on this record. The U.S.'s amended statement acknowledges that it seeks adverse inferences from Fifth Amendment assertions in deposition testimony and responses to requests for admission. Cosmano disputes that any adverse inference arising from invocation of Fifth Amendment rights can by itself establish the U.S.'s asserted facts for summary judgment purposes. He also states that he was

forced to invoke his Fifth Amendment rights during later proceedings because of the U.S.'s announcement of a criminal referral.

The filed response materials explain the problem. An adverse inference in a civil case is permissive, not mandatory, and silence must be considered in light of the evidence rather than treated as a direct admission of guilt. The U.S.'s position would convert every unanswered question into an established fact and every denied request for admission into a concession. That would improperly relieve the U.S. of its burden to prove conduct and willfulness. The evidentiary gap is especially important because many of the most serious allegations depend substantially on Fifth Amendment invocations rather than affirmative testimony. The allegations that Cosmano caused a false wall to be erected for the purpose of reducing appraised value rely substantially on deposition questions and requests for admission to which he invoked his Fifth Amendment rights. The allegations that he knew the Kuehn Appraisal was inaccurate also rely on deposition questions to which he invoked those rights. The U.S. cannot obtain summary judgment by stacking inference upon inference where intent, knowledge, and purpose remain genuinely disputed.

Because the Fifth Amendment invocations do not create undisputed facts or admissions, the motion should be denied.

G. The Evidence Is Disputed and Foundation-Dependent

The U.S. argues that its amended submissions cure prior evidentiary problems. Cosmano disputes that. The amended statement still relies on documents, declarations, deposition questions, requests for admission, and other materials that Cosmano disputes as unsupported, unauthenticated, unattached, inadmissible, or otherwise insufficient. He also disputes that materials attached to attorney declarations, including third-party records and loan documents, are

admissible without proper foundation from a competent records custodian or qualified witness. The late-disclosed witnesses present an independent problem. The U.S. amended its disclosures ten days before the close of discovery in the prior adversary proceeding to add Michael Kuehn, Mavreen Dunlavy, Kevin Vaught, Justin Storer, Steven Radtke, Geneva Everett, and Ginger Menne. Cosmano was prejudiced because there was insufficient time to depose those witnesses before the close of discovery, particularly after the U.S. announced a criminal referral and Cosmano invoked his Fifth Amendment rights. Cosmano's Response to the Motion to Bar and filed Response to the U.S.'s Response to Motion to Bar are incorporated on this point.

The U.S.'s amended statement does not eliminate these disputes. Cosmano disputes that the amended factual submissions cure the evidentiary deficiencies previously identified, including lack of foundation, hearsay, late-disclosed witnesses, and reliance on Fifth Amendment invocations. He also disputes that the amended submissions identify any witness with personal knowledge who directly observed him erect a wall, instruct someone to erect a wall, destroy property, conceal property, or ask an appraiser to lie. These disputes go to the core of the U.S.'s theory. The Court would have to decide witness credibility, weigh competing inferences, determine what adverse inference to draw from constitutional invocations, resolve foundation objections, and decide Cosmano's intent. Those are not proper tasks for summary judgment where the moving party bears the burden of proving nondischargeability.

Because the U.S.'s evidence remains disputed, foundation-dependent, and unsuitable for resolution on summary judgment, the motion should be denied.

H. The Default Judgment and Tax Liens Do Not Establish Willful Evasion.

The U.S. relies on the 2018 default judgment and recorded liens to frame Cosmano as a willful tax evader. Those documents do not prove the required intent. The default judgment

established a money judgment, but Cosmano disputes that it establishes dischargeability, willful evasion, fraudulent conduct, or any intent element relevant to the current motion. The existence of assessments, liens, and a judgment may show that the U.S. asserted and reduced liabilities to judgment. It does not show that Cosmano voluntarily, consciously, and intentionally attempted to evade or defeat the taxes. That mental-state requirement must be proven separately. *Krumhorn*, 249 B.R. at 298.

The recorded lien evidence also does not solve the U.S.'s burden. Cosmano disputes the validity and enforceability of alleged liens to the extent they expired or were otherwise invalid. He also disputes the validity of any alleged refiled notice recorded on March 9, 2020 because his Chapter 7 case was pending at that time and the automatic stay had been modified only as to one parcel of real estate. At minimum, those disputes prevent summary judgment.

Because the default judgment and tax liens do not establish willful evasion, and the U.S. has not supplied undisputed facts supporting this allegation, the motion must be denied.

I. The *Geiger*-Type Factors Do Not Support Summary Judgment.

The U.S. cites categories of conduct such as understatement of income, inadequate records, failure to cooperate, concealment of assets, cash dealings, and transfers reducing assets subject to IRS execution. Those factors do not support summary judgment here. Courts considering willful tax evasion may evaluate factors such as recurrent understatement of income, inadequate records, failure to file returns, implausible explanations, concealment of assets, failure to cooperate, cash dealings, transfers to family members, and transfers for insufficient consideration, but no single factor is determinative and the totality of circumstances controls. *Geiger v. IRS (In re Geiger)*, 408 B.R. 788, 791 (Bankr.C.D.Ill.2009). The U.S. cannot prevail merely by listing factors; it must establish undisputed facts tying those factors to a knowing and

deliberate attempt to evade these taxes. Cosmano disputes that the record establishes the U.S.'s alleged badges of fraud or other indicia of willful evasion. He believed the assessed income and liabilities were incorrect and had not received documentation supporting the alleged income. Cosmano also disputes that his ownership of the Waterside Drive and Mount Prospect properties demonstrates a lavish lifestyle or willful evasion. Unlike cases involving undisputed concealed income, sham entities, hidden assets, repeated nonfiling, or deliberate asset transfers, the U.S.'s case rests on disputed evidence concerning property, appraisals, later litigation, and adverse inferences. That is insufficient for summary judgment.

V. CONCLUSION

The U.S. has not established that Cosmano's 2007 through 2010 federal income tax liabilities are nondischargeable as a matter of law. The motion depends on disputed evidence, post-petition events, condominium allegations, adverse inferences, late-disclosed witnesses, and foundation-dependent exhibits. The central question is dischargeability of the 2007 through 2010 taxes, and the U.S. has not proven an undisputed voluntary, conscious, and intentional attempt by Cosmano to evade or defeat those taxes.

For these reasons, Cosmano respectfully requests that the Court deny the U.S.'s Second Motion for Summary Judgment and grant such further relief as the Court deems just.

Dated: August 31, 2026

Respectfully submitted,
James Anthony Cosmano, Debtor
By: /s/ Paul M. Bach

Paul M. Bach, Esq., ARDC No. 6209530
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60065
Telephone: (847) 564-0808/Email: Paul@BachOffices.com