IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 24-09140 |
| | ) | Chapter 13 |
| JAMES A. COSMANO, | ) | Judge Timothy A. Barnes |
| | ) | |
| Debtor. | ) | |
| | ) | |

**UNITED STATES' REPLY TO DEBTOR JAMES A. COSMANO'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Creditor United States of America, on behalf of the Internal Revenue Service, pursuant to LR 7056-1(D), hereby replies to Debtor James A. Cosmano's statement of additional material facts in the contested matter arising from Mr. Cosmano's objection to the IRS's Claims 3-1 and 3-2 (Doc. 54). (Doc. 146.)

**ADDITIONAL MATERIAL FACTS**

*1. The United States' second Motion for Summary Judgment seeks a determination in this Chapter 13 bankruptcy case that Mr. Cosmano's 2007 through 2010 federal income tax liabilities were not discharged in his prior Chapter 7 case. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.*

RESPONSE: Admitted.

*2. The United States' first Motion for Summary Judgment in this Chapter 13 case raised substantially similar allegations, including that Mr. Cosmano allegedly willfully attempted to evade or defeat his 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.*

RESPONSE: Admitted.

*3. Mr. Cosmano previously responded to the United States' first Statement of Material Facts on May 5, 2025, and that response provides the organizational and evidentiary framework for responding to the United States' Amended Statement of Material Facts. Record basis: Cosmano Exhibit 2.*

RESPONSE: Admitted.

*4. Mr. Cosmano also responded to the United States' Statement of Additional Material Facts, noting that the United States' additional factual statement substantially repeated the facts used to support the United States' own summary judgment motion. Record basis:*

*Cosmano Exhibit 3.*

RESPONSE: Admitted.

*5. The United States' Amended Statement of Material Facts relies on documents, declarations, deposition questions, requests for admission, and other materials that Mr. Cosmano disputes as unsupported, unauthenticated, unattached, inadmissible, or otherwise insufficient under the summary judgment rules. Record basis: Cosmano Exhibit 1.*

RESPONSE: Denied. Paragraph 5 reflects a legal argument, not a fact, and the United States denies Mr. Cosmano's characterizations of the sufficiency of the United States' evidence.

*6. Mr. Cosmano disputes the United States' attempt to treat his invocation of Fifth Amendment rights as deemed admissions or undisputed facts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Paragraph 6 reflects a legal argument, not a fact. In any event, the United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*7. Any adverse inference arising from invocation of Fifth Amendment rights is disputed by Mr. Cosmano and, at minimum, requires consideration of the surrounding record and cannot by itself establish the United States' asserted facts for summary judgment purposes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 7 reflects a legal argument, not a fact. In any event, the United States has submitted sufficient independent evidence including corroborating evidence to support adverse inferences, as argued in greater detail in the United States' reply brief in support of its motion to support adverse inferences and bar testimony (Doc. 140).

*8. In the prior adversary proceeding, the United States identified James Cosmano, Aida Ortega, Alex Porrata, Bart Brellenthin, and Lucas Jones as witnesses in its interrogatory answers. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3.*

RESPONSE: Admitted but irrelevant.

*9. On July 1, 2022, ten days before the close of discovery in the prior adversary proceeding, the United States amended its disclosures to add Michael Kuehn, Mavreen Dunlavy,*

*Kevin Vaught, Justin Storer, Steven Radtke, Geneva Everett, and Ginger Menne. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.*

RESPONSE: Admitted but irrelevant.

*10. Mr. Cosmano was prejudiced by the late disclosure of those additional witnesses because there was insufficient time to depose them before the close of discovery, particularly after the United States announced a criminal referral and Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Denied and irrelevant. Paragraph 10 reflects legal argument, not a fact. In any event, the witnesses were disclosed before this proceeding began and Mr. Cosmano has had, but not taken, the opportunity to depose them in this proceeding.

*11. Mr. Cosmano disputes the use of declarations or testimony from the late-disclosed witnesses in support of summary judgment. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.*

RESPONSE: Denied. Paragraph 11 reflects legal argument, not a fact. In any event, the witnesses were disclosed before this proceeding began and Mr. Cosmano has had, but not taken, the opportunity to depose them in this proceeding.

*12. Mr. Cosmano filed federal income tax returns for tax years 2007, 2008, 2009, and 2010, self-reporting tax liabilities of $1,001.00, $0.00, $0.00, and $3,614.00, respectively. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted.

*13. The IRS examined Mr. Cosmano's 2007 through 2010 returns and made assessments of additional tax and penalties, but Mr. Cosmano disputes the correctness of those assessments. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted that the IRS made assessments of additional tax and penalties against Mr. Cosmano for tax years 2007-2010. Mr. Cosmano's "dispute" of the correctness of those assessments is a legal argument rather than a fact and is irrelevant because any challenge to the correctness of the assessments and his liability for those assessments is barred by *res judicata* after the entry of judgment against him in *United States v. Cosmano*, Case No. 24-09140 (N.D.

Ill.). (Doc. 136-8.)

*14. The assessments identified in Mr. Cosmano's responses were made for the 2007 tax year on March 15, 2010, and August 11, 2014; for the 2008 tax year on December 1, 2014; for the 2009 tax year on December 1, 2014; and for the 2010 tax year on January 5, 2015. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted.

*15. Mr. Cosmano disputes the United States' assertion that the alleged outstanding tax liabilities for 2007 through 2010 exceeded $7 million as of August 13, 2021, because he disputes the correctness of the assessments and the evidentiary foundation for the United States' calculation. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Denied. Paragraph 15 reflects a legal argument, not a fact. In any event, the correctness of the assessments is *res judicata* because of the judgment entered by the District Court and the calculation of the penalties and interest on a tax liability is a matter of law, not of evidence. (Doc. 136-8); *United States v. Schroeder*, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990)

*16. Without waiving his objections, Mr. Cosmano admits that he made payments totaling $1,146.00 for tax year 2007, a payment of $3,538.00 for tax year 2010, and no payments for tax years 2008 and 2009, for a total of $4,684.00. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted.

*17. Notices of federal tax liens were recorded in favor of the United States on February 9, 2015, for alleged unpaid liabilities for tax years 2007 through 2010, but Mr. Cosmano disputes that those liens remain enforceable to the extent they expired or were otherwise invalid. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 16.*

RESPONSE: Admitted that the IRS filed notices of federal tax lien on February 9, 2015. Mr. Cosmano's "dispute" of the enforceability of the underlying liens is a legal argument rather than a fact.

*18. Mr. Cosmano disputes the validity of any alleged re-filed notice recorded on March 9, 2020, because his Chapter 7 case was pending at that time and the automatic stay had been modified only as to one parcel of real estate. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 16.*

RESPONSE: Denied. Mr. Cosmano's "dispute" of the validity of the refiling of the NFTLs is both a legal argument rather than a fact and is wrong: the automatic stay terminated upon the

entry of his discharge on August 13, 2019, prior to the refiling of the NFTLs. (Doc. 136-16.)

Moreover, the refiling of a notice of lien does not violate the automatic stay per 11 U.S.C. § 362(b)(3).

*19. On January 12, 2018, the United States District Court for the Northern District of Illinois entered a default judgment against Mr. Cosmano for unpaid income taxes, penalties, and interest for tax years 2007 through 2010 in the amount of $6,051,979.50 as of January 9, 2018. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted.

*20. The January 12, 2018 judgment was entered by default, and Mr. Cosmano disputes that the default judgment establishes dischargeability, willful evasion, fraudulent conduct, or any intent element relevant to the United States' present allegations. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Admitted that the judgment was entered by default and speaks for itself. The remaining portions of Paragraph 20 are legal argument, not facts, and are denied.

*21. Mr. Cosmano filed a Chapter 7 bankruptcy petition on May 8, 2019, in Case No. 19-13287, signed the petition under penalty of perjury, and was represented by Justin Storer in connection with that filing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 13.*

RESPONSE: Admitted.

*22. Mr. Cosmano listed the Waterside Drive Property on Schedule A/B in the Chapter 7 case with a stated value of $505,000.00 and the notation "Value per 3/19 appraisal." Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11; Cosmano Exhibit 13.*

RESPONSE: Admitted.

*23. The March 2019 Kuehn Appraisal stated that the Waterside Drive Property had one bedroom, "1.1" bathrooms, gross living area of 1,135 square feet, and a value of $505,000.00, and it did not include a floorplan. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.*

RESPONSE: Admitted.

*24. Mr. Cosmano denies that the March 2019 Kuehn Appraisal was knowingly false, intentionally inaccurate, or obtained for an improper purpose. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 11.*

RESPONSE: Denied. Mr. Cosmano has never testified in any proceeding as to his intent

in obtaining the Kuehn appraisal and this factual assertion is not supported by the cited documents. Indeed, he has invoked his Fifth Amendment right against self-incrimination rather than responding to direct questions about this topic. (Doc. 136-10 at 27:23-34:15.) The United States denies this fact because Mr. Cosmano's condo unit was 2,100 square feet and had both three bedrooms and three bathrooms. (Doc. 136-9 ¶ 11.) Telling Mr. Kuehn otherwise intentionally rendered the appraisal false. (Doc. 136-13, 136-14.)

*25. Mr. Cosmano obtained the Kuehn Appraisal before filing his Chapter 7 bankruptcy petition, and he disputes that obtaining an appraisal before filing bankruptcy constitutes evidence of wrongdoing or willful evasion. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 11.*

RESPONSE: Admitted that Mr. Cosmano obtained the fraudulent appraisal before filing his Chapter 7 petition, but the remainder of Paragraph 25 is a legal argument rather than a fact, and is denied.

*26. Mr. Cosmano attended the Section 341 meeting of creditors on June 11, 2019, and the meeting was conducted by the Chapter 7 Trustee, Steven Radtke. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.*

RESPONSE: Admitted.

*27. At the Section 341 meeting, Mr. Cosmano testified under penalty of perjury in response to questions by the Trustee. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.*

RESPONSE: Admitted.

*28. During the Section 341 meeting, Mr. Cosmano testified concerning his bankruptcy petition, schedules, statement of financial affairs, assets, debts, and the Waterside Drive Property. Record basis: Cosmano Exhibit 6; Cosmano Exhibit 13.*

RESPONSE: Admitted.

*29. The Section 341 transcript cited by the United States also reflects testimony that Mr. Cosmano borrowed money from friends and family to pay bills, including expenses associated with the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.*

RESPONSE: Admitted that Mr. Cosmano testified as to this at the Section 341 Meeting

of Creditors. However, Mr. Cosmano declined, based on his invocation of the Fifth Amendment, to answer any questions about who gave him money, how much, and what the funds were used for. (Doc. 136-10 at 45:17-21); (Doc. 136 ¶ 24); (Doc. 136-25 ¶ 25). Mr. Cosmano cannot create a dispute of material fact by contradicting his own Fifth Amendment invocation.

*30. Mr. Cosmano disputes the United States' characterization that he lived a lavish lifestyle or spent money on "pricey pursuits" rather than paying tax liabilities. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano's dispute is a legal argument, not a fact.

*31. Mr. Cosmano admits only that he occasionally traveled to Las Vegas and, at times, took cash advances of $2,000.00 or more at Rivers Casino in Des Plaines, Illinois, but he denies that those facts establish a lavish lifestyle, willful evasion, or any intent to evade or defeat tax. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 5.*

RESPONSE: Admitted as to the facts of Mr. Cosmano's travel to Las Vegas and his cash advances, as set forth in the bank records submitted by the United States (Doc. 136-3, pp. 9-30.) The remainder of Paragraph 31 is a legal argument, not a fact, and is denied.

*32. The bank records on which the United States relies for its gambling-related allegations were challenged by Mr. Cosmano as lacking proper foundation and as being presented through an attorney declaration rather than a competent records custodian or other qualified witness. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Denied. Mr. Cosmano's dispute is a legal argument, not a fact.

*33. Mr. Cosmano admits that the Waterside Drive Property is located at 450 E. Waterside Drive, Unit 1301, Chicago, Illinois 60601, and admits that he represented during the Section 341 meeting that the mortgage payment was approximately $5,600.00. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.*

RESPONSE: Admitted.

*34. Mr. Cosmano disputes that the cited Section 341 testimony establishes that he neither rented out nor used the Waterside Drive Property as a residence. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 6.*

RESPONSE: Denied. Mr. Cosmano's dispute is a legal argument, not a fact.

*35. Mr. Cosmano disputes the United States' calculation that he paid $855,283.53*

*toward the Waterside Drive Property from his own income or in lieu of paying taxes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 6.*

RESPONSE: Denied. Mr. Cosmano's dispute is an argument, not a fact. He has never testified as to how much money he spent on the Waterside Drive Property, by affidavit or otherwise, and the assertions in Paragraph 38 are thus not supported by the cited evidence.

*36. Mr. Cosmano states that he borrowed funds from friends and family to pay bills, and that fact disputes the United States' inference that payments associated with the Waterside Drive Property were made from funds that otherwise should have been paid to the IRS. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.*

RESPONSE: Denied. Mr. Cosmano declined, based on his invocation of the Fifth Amendment, to answer any questions about who gave him money, how much, and what the funds were used for. (Doc. 136-10 at 45:17-21); (Doc. 136 ¶ 24); (Doc. 136-25 ¶ 25). Mr. Cosmano cannot create a dispute of material fact by contradicting his own Fifth Amendment invocation.

*37. Mr. Cosmano admits that he stated he had no documents responsive to the United States' requests for production in the prior adversary proceeding, but denies that the absence of responsive documents establishes willful evasion, concealment, spoliation, or wrongdoing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 8.*

RESPONSE: Admitted as to Mr. Cosmano's representations in his responses to the United States' requests for production in the adversary proceeding. The remainder of Paragraph 37 is legal argument, not a fact, and is denied.

*38. Mr. Cosmano disputes the United States' assertion that he "employed a standard practice of destroying documents" as evidence of willful evasion or wrongdoing. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 7; Cosmano Exhibit 8.*

RESPONSE: Denied. Mr. Cosmano's dispute of the United States' facts is a legal argument, not a fact.

*39. Mr. Cosmano disputes the United States' assertion that he purchased the Waterside Drive Property as a three-bedroom, three-bathroom condominium unit spanning approximately 2,100 square feet. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano's dispute is a legal argument, not a fact. The Waterside Drive Property is a three-bedroom, three-bathroom unit spanning 2,100 square feet. (Doc. 136-9, ¶¶ 9-11.)

*40. Mr. Cosmano states that he purchased what he believed to be a one-bedroom condominium unit. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5.*

RESPONSE: Mr. Cosmano has never testified as to the assertions in Paragraph 40, by affidavit or otherwise, and the assertions in Paragraph 40 are thus not supported by the cited evidence. Instead, Mr. Cosmano has invoked his Fifth Amendment right against self-incrimination rather than answer questions on this topic. (Doc. 136-10 at 18:14-19:12); (Doc. 136-11 at ¶¶ 2-4). The Waterside Drive Property is a three-bedroom, three-bathroom unit spanning 2,100 square feet. (Doc. 136-9, ¶¶ 9-11.) When the property was being prepared for a judicial sale, Mr. Cosmano broke down the false wall and removed valuable property from the Waterside Drive Property in violation of a court order. (Doc. 136-23 at 43:7-45:21.)

*41. The United States relies on the Declaration of Ginger Menne for allegations concerning the original configuration and later condition of the Waterside Drive Property, but Mr. Cosmano disputes the declaration because Ms. Menne was late-disclosed and because he had no fair opportunity to depose her before discovery closed. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Denied. Mr. Cosmano's challenge to Ms. Menne's declaration is a legal argument, not a fact. In any event, Ms. Menne was disclosed in the previous adversary proceeding and Mr. Cosmano has had, but not taken, the opportunity to depose her in this proceeding.

*42. Mr. Cosmano denies that he caused a false wall to be erected for the purpose alleged by the United States and denies that admissible evidence establishes that he concealed square footage of the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Mr. Cosmano has never testified as to the assertions set forth in

Paragraph 45, by affidavit or otherwise, and the assertions in Paragraph 45 are thus not supported by the cited evidence. Instead, Mr. Cosmano invoked his Fifth Amendment right not to answer any questions about his construction of a false wall. (Doc. 136-10 at 31:6-32:1) (Doc. 136-11 ¶ 8). Mr. Cosmano's statements about admissibility of evidence is a legal argument, not a fact.

*43. The United States' allegations that Mr. Cosmano caused a false wall to be erected for the purpose of reducing appraised value rely substantially on deposition questions and requests for admission to which Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Paragraph 46 reflects legal argument, not a fact. The United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*44. Mr. Cosmano denies that he caused a false wall to be erected, denies that he caused any wall to be erected to make the property appear smaller, and denies that he caused any appraisal to reflect a value lower than the property's true value. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Mr. Cosmano has never testified as to the assertions set forth in Paragraph 44, by affidavit or otherwise, and the assertions in Paragraph 44 are thus not supported by the cited evidence. Instead, Mr. Cosmano invoked his Fifth Amendment right not to answer any questions about his construction of a false wall. (Doc. 136-10 at 31:6-32:1) (Doc. 136-11 ¶ 8). A false wall was constructed in Mr. Cosmano's condo unit and he willfully destroyed it as part of his vandalism of the unit and removal of valuable property in the unit. (Doc. 136-9, ¶ 11); (Doc. 136-23 at 43:7-45:21).

*45. The Kuehn Appraisal was a drive-by market appraisal, and Mr. Kuehn did not physically inspect the interior of the Waterside Drive Property. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.*

RESPONSE: Admitted.

*46. Mr. Cosmano denies that he knowingly provided false information to Mr. Kuehn,*

*concealed information from Mr. Kuehn, or procured an inaccurate appraisal from Mr. Kuehn. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 11.*

RESPONSE: Denied. Mr. Cosmano has never testified as to the assertions set forth in Paragraph 46, by affidavit or otherwise, and the assertions in Paragraph 46 are thus not supported by the cited evidence. Instead, Mr. Cosmano invoked his Fifth Amendment right not to answer any questions about his provision of false information to Mr. Kuehn as part of Mr. Kuehn's appraisal. (Doc. 136-10 at 28:2-31:5, 32:7-34:15) (Doc. 136-11 ¶ 10, 12). The Waterside Drive Property is a three-bedroom, three-bathroom unit spanning 2,100 square feet, but Mr. Cosmano told Mr. Kuehn for purposes of his appraisal that it was 1,135 square feet and only had one bedroom and one bathroom. (Doc. 136-9, ¶¶ 9-11); (Doc. 136-13); (Doc. 136-14).

*47. Mr. Cosmano disputes the United States' allegation that he knew the Kuehn Appraisal was inaccurate, because the cited record consists of deposition questions to which he invoked his Fifth Amendment rights rather than affirmative admissions. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9.*

RESPONSE: Denied. Paragraph 47 reflects legal argument, not a fact, and the United States disputes Mr. Cosmano's characterization of the United States' evidence. In any event, United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*48. Mr. Cosmano denies that he wanted the Kuehn Appraisal to value the Waterside Drive Property below its actual value, denies that he lied to Mr. Kuehn, and denies that he caused the Kuehn Appraisal to be inaccurate. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9.*

RESPONSE: Denied. Mr. Cosmano has never testified as to the assertions set forth in Paragraph 48, by affidavit or otherwise, and the assertions in Paragraph 48 are thus not supported by the cited evidence. Instead, Mr. Cosmano invoked his Fifth Amendment right not to answer any questions about his provision of false information to Mr. Kuehn as part of Mr. Kuehn's

appraisal. (Doc. 136-10 at 28:2-31:5, 32:7-34:15) (Doc. 136-11 ¶ 10, 12).

*49. Mr. Cosmano admits only that the Kuehn Appraisal was sought for tax-related purposes, and denies that it was sought based on false information or for an improper purpose. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 11.*

RESPONSE: Admitted that Mr. Cosmano sought the Kuehn appraisal for tax purposes. Mr. Cosmano's denial is an argument (one to which he has never testified by affidavit or otherwise, and with regard to which he invoked his Fifth Amendment rights rather than answer questions regarding it (Doc. 136-10 at 28:2-31:5, 32:7-34:15) and is not supported by the cited evidence. The United States thus denies the remainder of the allegations in Paragraph 49.

*50. Mr. Cosmano denies that he sought the Kuehn Appraisal to prevent the Waterside Drive Property from becoming a source for payment of federal income taxes. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 5; Cosmano Exhibit 9.*

RESPONSE: Denied. Mr. Cosmano's denial is an argument (one to which he has never testified by affidavit or otherwise, and with regard to which he invoked his Fifth Amendment rights rather than answer questions regarding it (Doc. 136-10 at 28:2-31:5, 32:7-34:15) and is not supported by the cited evidence.

*51. On or about May 22, 2020, Mr. Cosmano obtained a second appraisal of the Waterside Drive Property by Kevin Vaught, and the Vaught Appraisal valued the property at $497,500.00. Record basis: Cosmano Exhibit 12; Cosmano Exhibit 19.*

RESPONSE: Admitted.

*52. The Vaught Appraisal, like the Kuehn Appraisal, stated that the Waterside Drive Property had one bedroom and spanned 1,135 square feet, and it did not include a floorplan. Record basis: Cosmano Exhibit 12; Cosmano Exhibit 19.*

RESPONSE: Admitted.

*53. Mr. Cosmano disputes that the Vaught Appraisal was knowingly false or obtained for an improper purpose, and he states that he was living in and using the unit as what he believed to be a one-bedroom apartment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5; Cosmano Exhibit 12.*

RESPONSE: Denied. Mr. Cosmano has never testified, by affidavit or otherwise, as to

the factual assertions set forth in Paragraph 53 and this factual assertion is not supported by the cited documents. Indeed, he has invoked his Fifth Amendment right against self-incrimination rather than responding to direct questions about this topic. (Doc. 136-10 at 18:14-19:12, 47:4-52:10); (Doc. 136-11 ¶ 2). Mr. Cosmano cannot create a dispute of material fact by contradicting his own Fifth Amendment invocation.

*54. Mr. Cosmano states that if he knew the Waterside Drive Property was larger than it appeared, he would not have invited Mr. Vaught into the property for the valuation. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano has never testified in any proceeding as to the factual assertions set forth in Paragraph 55 and this factual assertion is not supported by the cited documents. Indeed, he has invoked his Fifth Amendment right against self-incrimination rather than responding to direct questions about this topic. (Doc. 136-10 at 47:4-52:10.) Mr. Cosmano cannot create a dispute of material fact by contradicting his own Fifth Amendment invocation.

*55. Mr. Cosmano disputes that asking an appraiser to consider or be consistent with a prior appraisal establishes that he asked anyone to lie or conceal information. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 58 reflects Mr. Cosmano's legal argument, not a fact. The United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*56. The United States' allegations concerning statements to Mr. Vaught rely on the Declaration of Kevin Vaught, a witness whom Mr. Cosmano contends was late-disclosed and whom he did not have a fair opportunity to depose before discovery closed. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 12.*

RESPONSE: Denied. Paragraph 59 reflects legal argument, not a fact. Moreover, Mr. Vaught was disclosed during the prior adversary proceeding and Mr. Cosmano had the opportunity to depose him in this case, but chose not to.

*57. The United States' allegations that Mr. Cosmano knew the Vaught Appraisal was inaccurate and wanted it to undervalue the Waterside Drive Property rely in substantial part on deposition questions to which Mr. Cosmano invoked his Fifth Amendment rights. Record basis: Cosmano Exhibit 9; Cosmano Exhibit 19.*

RESPONSE: Denied. Paragraph 58 reflects legal argument, not a fact. The United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*58. Mr. Cosmano referenced or proffered the Kuehn Appraisal and Vaught Appraisal in filings in the Chapter 7 case concerning lien avoidance, but disputes that his use of appraisals he believed to be accurate establishes fraud, concealment, or willful tax evasion. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12; Cosmano Exhibit 13.*

RESPONSE: Admitted that the Kuehn and Vaught Appraisals were used in lien avoidance filings. The remainder of Paragraph 59 reflects legal argument, not a fact, and is thus denied.

*59. Mr. Cosmano also relied on the Kuehn Appraisal and Vaught Appraisal in District Court lien-enforcement litigation, but disputes that doing so establishes that he knowingly submitted false valuations or intended to evade taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.*

RESPONSE: Denied. Paragraph 59 reflects legal argument, not a fact.

*60. The United States voluntarily dismissed the prior lien-enforcement action in view of duplicative litigation later commenced by Mr. Cosmano's mortgage holder and removed to the District Court. Record basis: Cosmano Exhibit 19.*

RESPONSE: Admitted.

*61. Mr. Cosmano disputes the United States' allegation that he lied to the Bankruptcy Court or District Court about the value of the Waterside Drive Property because those allegations rely substantially on Fifth Amendment invocations and disputed inferences rather than affirmative admissions. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Paragraph 61 reflects legal argument, not a fact. The United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*62. The Chapter 7 Court entered an order of discharge in Mr. Cosmano's Chapter 7 case on August 13, 2019. Record basis: Cosmano Exhibit 14.*

RESPONSE: Admitted.

*63. The discharge order included explanatory language stating that most debts are discharged but not all, and that examples of debts not discharged include most taxes and debts the bankruptcy court has decided or will decide are not discharged. Record basis: Cosmano Exhibit 14.*

RESPONSE: Admitted.

*64. On December 12, 2022, Judge A. Benjamin Goldgar dismissed the prior adversary proceeding after determining that the dischargeability dispute was not ripe because the United States had not made a threat to collect the taxes at issue. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.*

RESPONSE: Admitted that Judge Goldgar dismissed the prior adversary proceeding for lack of jurisdiction, but denied as to Mr. Cosmano's characterization of Judge Goldgar's ruling. (Doc. 146-18 at 8:8-17.)

*65. Neither Mr. Cosmano nor the United States appealed Judge Goldgar's December 12, 2022 dismissal ruling. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.*

RESPONSE: Admitted but irrelevant. The United States, as the prevailing party in the adversary proceeding, could not have appealed the ruling and this Court has already ruled that Judge Goldgar's ruling has no preclusive effect in this case. (Doc. 136-26 at 12:8-13:5).

*66. Judge Goldgar's ruling stated that, with limited exceptions not relevant there, a potentially nondischargeable debt is discharged until a court determines otherwise, and that Mr. Cosmano's tax debt was then discharged and could be treated as such. Record basis: Cosmano Exhibit 18; Cosmano Exhibit 4.*

RESPONSE: Admitted as to what Judge Goldgar said in his ruling but denied as to whether his ruling could have discharged Mr. Cosmano's liabilities. This Court has already ruled that Judge Goldgar's ruling that he lacked jurisdiction has no preclusive effect in this case. (Doc. 136-26 at 12:8-13:5).

*67. The United States did not take action to collect the tax debt from Mr. Cosmano*

*after the December 12, 2022 ruling until filing proofs of claim in this Chapter 13 case. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 15; Cosmano Exhibit 16.*

RESPONSE: Admitted.

*68. Mr. Cosmano filed this Chapter 13 case after the prior adversary proceeding was dismissed and after Judge Goldgar's ruling that the tax debt was then discharged unless and until a court determined otherwise. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.*

RESPONSE: Admitted that this case was filed after Judge Goldgar dismissed the adversary proceeding for lack of jurisdiction and denied as to the effect of Judge Goldgar's ruling. This Court has already ruled that Judge Goldgar's ruling that he lacked jurisdiction has no preclusive effect in this case and that he did not find that the taxes were discharged. (Doc. 136-26 at 12:8-13:5).

*69. In this Chapter 13 case, Mr. Cosmano's schedules listed total assets of $124,650.00, Schedule D liabilities of $137,000.00, Schedule E/F liabilities of $0.00, monthly income of $2,850.00, monthly expenses of $2,492.00, and net monthly income of $358.00. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.*

RESPONSE: Admitted.

*70. The financial information in Mr. Cosmano's Chapter 13 schedules disputes the United States' characterization that he was living a lavish lifestyle at the time of the Chapter 13 case. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.*

RESPONSE: Denied. Paragraph 70 reflects legal argument, not a fact.

*71. The United States filed Claim 3-1 on October 22, 2024, asserting a total amount of $8,355,333.73, all as unsecured non-priority. Record basis: Cosmano Exhibit 15; Cosmano Exhibit 4.*

RESPONSE: Admitted.

*72. The United States filed Claim 3-2 on November 19, 2024, asserting a total amount of $8,355,333.73, with $397,440.00 asserted as secured and $7,957,893.73 asserted as unsecured non-priority. Record basis: Cosmano Exhibit 16; Cosmano Exhibit 4.*

RESPONSE: Admitted.

*73. Mr. Cosmano objected to Claims 3-1 and 3-2 after the United States filed those proofs of claim in this Chapter 13 case. Record basis: Cosmano Exhibit 17; Cosmano Exhibit 4.*

RESPONSE: Admitted.

*74. Mr. Cosmano contends that he had no choice but to object to the United States' proofs of claim after they were filed notwithstanding Judge Goldgar's prior ruling concerning ripeness and the then-discharged status of the tax debt. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 17; Cosmano Exhibit 18.*

RESPONSE: Denied. This Court has already ruled that Judge Goldgar's ruling that he lacked jurisdiction has no preclusive effect in this case and that he did not find that the taxes were discharged. (Doc. 136-26 at 12:8-13:5).

*75. The United States' nondischargeability theory in this case concerns tax years 2007 through 2010 only. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.*

RESPONSE: The United States admits that the tax liabilities which it believes were excepted from discharge are Mr. Cosmano's income tax liabilities for tax years 2007-2010. The United States denies that only activity in 2007-2010 is relevant to the dischargability analysis, though that is a legal argument, not a fact.

*76. Much of the conduct relied on by the United States occurred years after the 2007 through 2010 tax years and after the Chapter 7 petition was filed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.*

RESPONSE: Denied. Paragraph 76 does not reflect a fact, but instead a characterization of the United States' evidence.

*77. Mr. Cosmano disputes that post-petition conduct, including conduct related to lien avoidance, foreclosure litigation, appraisals, or contempt proceedings, establishes that he willfully attempted to evade or defeat 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 77 reflects a legal argument, not a fact.

*78. Mr. Cosmano disputes the United States' allegation that he concealed or destroyed property subject to IRS liens. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied, Paragraph 78 reflects a legal argument, not a fact. Mr. Cosmano has never testified regarding this issue and has As the United States' evidence shows, Mr.

Cosmano concealed the equity in his condo unit by undervaluing it on his schedules based on appraisals obtained under false pretenses. (Doc. 136-9 ¶ 11); (Doc. 136-12); (Doc. 136-13); (Doc. 136-14); (Doc. 136-18); (Doc. 136-19). The District Court has already found that Mr. Cosmano violated its orders to leave in place all fixtures, appliances, and improvements, and not to remove the false wall. (Doc. 136-23 at 43:7-46:14.)

*79. Mr. Cosmano disputes the allegation that he violently broke into the Waterside Drive Property after appointment of a receiver or vandalized the property. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. The District Court has already found that Mr. Cosmano violated its orders to leave in place all fixtures, appliances, and improvements, and not to remove the false wall. (Doc. 136-23 at 43:7-46:14.)

*80. Mr. Cosmano maintains that the Waterside Drive Property had been broken into before his arrival and that a police officer was present who could attest to that circumstance. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano has never testified to the statements in Paragraph 80, by affidavit or otherwise, so the allegations are not supported by the cited evidence. Instead, Mr. Cosmano invoked his Fifth Amendment right against self-incrimination rather than answering questions on this topic. (Doc. 136-10 at 72:21-74:21.) The District Court has already found that Mr. Cosmano violated its orders to leave in place all fixtures, appliances, and improvements, and not to remove the false wall. (Doc. 136-23 at 43:7-46:14.)

*81. Mr. Cosmano was held in contempt, but he disputes that the contempt finding establishes that he caused damage to the Waterside Drive Property or acted with intent to evade taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Admitted that Mr. Cosmano was held in contempt. The remaining allegations in Paragraph 81 are legal argument, not facts, and are denied.

*82. Mr. Cosmano states that he was forced to invoke his Fifth Amendment rights during later proceedings because of the United States' announcement of a criminal referral.*

*Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9.*

RESPONSE: Admitted that Mr. Cosmano invoked his Fifth Amendment rights but denied as to his characterization that he had to do so.

*83. As of the filing of Mr. Cosmano's May 5, 2025 opposition, no criminal action had been filed against him despite the prior announcement of a criminal referral. Record basis: Cosmano Exhibit 4.*

RESPONSE: Not known but irrelevant.

*84. Mr. Cosmano disputes that any alleged failure to cooperate in discovery was evidence of willful evasion, because his invocation of constitutional rights followed the United States' criminal-referral announcement. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied. Paragraph 84 reflects legal argument, not a fact.

*85. The United States' cited exhibits in support of its first summary judgment motion included declarations, bank records, discovery responses, deposition testimony, requests for admission, appraisal-related materials, and District Court documents, but Mr. Cosmano disputes that those exhibits prove that he lied, hid assets, destroyed property, or frittered away resources. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.*

RESPONSE: Denied. Paragraph 85 reflects legal argument, not a fact.

*86. Mr. Cosmano disputes that the United States has presented direct testimony from any witness establishing that Mr. Cosmano asked that witness to lie, hide information, conceal an asset, or falsify an appraisal. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 86 reflects legal argument and characterization of evidence, not a fact.

*87. Mr. Cosmano disputes that the United States has presented admissible evidence establishing his state of mind, including any voluntary, conscious, and intentional attempt to evade or defeat payment of tax. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 87 reflects legal argument and characterization of evidence, not a fact.

*88. Mr. Cosmano disputes that he filed fraudulent tax returns for 2007 through 2010, and the United States does not contend that the returns themselves were fraudulent; instead, the United States relies on an alleged willful-attempt theory. Record basis: Cosmano Exhibit 4;*

*Cosmano Exhibit 20.*

RESPONSE: The United States admits that it is not contending that Mr. Cosmano's 2007-2010 income tax liabilities were excepted from discharge under 11 U.S.C. § 523(a)(1)(C) due to the filing of a fraudulent return, although the returns may in fact be fraudulent. It denies any suggestion that Mr. Cosmano's returns were accurate and avers that his understatement of his liabilities of over $3 million for those years is evidence of his willful attempt to evade or defeat his taxes for those years. (Doc. 136-1).

*89. Mr. Cosmano disputes that the United States has established the conduct requirement or the mental-state requirement necessary to prove a willful attempt to evade or defeat tax. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 89 reflects legal argument, not a fact.

*90. Mr. Cosmano disputes that the record establishes the badges of fraud or other conduct factors asserted by the United States, including significant repeated understatement of income, failure to file returns, repeated late filing, implausible behavior, failure to cooperate with tax authorities, concealment of assets, cash dealings, transfers to family members, or transfers reducing assets available for execution. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 90 reflects legal argument, not a fact.

*91. Mr. Cosmano maintains that he believed the assessed income and liabilities asserted by the United States were incorrect and that he had not received documentation proving the alleged income. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano has not testified to this, by affidavit or otherwise, and the factual assertion is not supported by the cited documents. In any event, Mr. Cosmano's liability for the additional assessments made by the IRS is *res judicata*. (Doc. 136-8.)

*92. Mr. Cosmano disputes the United States' assertion that he made discretionary purchases rather than paying taxes, because the record does not establish that the payments or expenses identified by the United States were made from funds available to pay the IRS. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 6.*

RESPONSE: Denied. Paragraph 92 reflects legal argument and characterization of evidence, not a fact.

*93. Mr. Cosmano disputes that his ownership of the Waterside Drive Property and the Mount Prospect property establishes a lavish lifestyle or willful evasion of taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5; Cosmano Exhibit 13.*

RESPONSE: Denied. Paragraph 93 reflects legal argument, not a fact.

*94. Mr. Cosmano states that he was overextended, could not afford his liabilities, and filed for relief under the Bankruptcy Code. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 13.*

RESPONSE: Denied. Mr. Cosmano has never testified to the statements in Paragraph 94, by affidavit or otherwise, and the cited documents do not support the factual assertions.

*95. Mr. Cosmano disputes that leaving the Waterside Drive Property vacant was done to waste assets; he states that he was painting, redoing floors, and updating the kitchen and bathroom with help from friends, and intended to return to the condominium after the work was completed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Mr. Cosmano has never testified to the statements in Paragraph 95, by affidavit or otherwise, and the cited documents do not support the factual assertions. Mr. Cosmano has chosen to invoke his Fifth Amendment right against self-incrimination rather than answer questions on this topic. (Doc. 136-11 ¶ 21); (Doc. 136-24 ¶ 24).

*96. The United States' evidence concerning the alleged lavish lifestyle does not include evidence comparable to the type of extreme luxury spending, criminally funded lifestyle, or dissipation of victim funds described in the examples discussed in Mr. Cosmano's opposition. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied and irrelevant. Paragraph 96 reflects legal argument, not a fact.

*97. Mr. Cosmano disputes that the United States has any admissible evidence or corroborative evidence sufficient to convert his Fifth Amendment invocations into undisputed facts for summary judgment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 9; Cosmano Exhibit 10.*

RESPONSE: Denied and irrelevant. Paragraph 97 reflects legal argument, not a fact. The United States avers that it is entitled to adverse inferences against Mr. Cosmano, as set forth in its summary judgment brief and reply brief, and its Motion to Establish Adverse Inferences and Bar Testimony and reply in support thereof (Doc. 119, 140).

*98. The United States' first summary judgment record included declarations from witnesses whom Mr. Cosmano contends were not timely disclosed, and Mr. Cosmano disputes that such declarations can be used to eliminate genuine issues of material fact. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 98 reflects legal argument, not facts. In any event, the United States' witnesses were disclosed in the prior adversary proceeding and Mr. Cosmano has had, but not taken, the opportunity to depose them in this proceeding.

*99. Mr. Cosmano disputes that materials attached to attorney declarations, including third-party records and loan documents, are admissible without proper foundation from a competent records custodian or other qualified witness. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2.*

RESPONSE: Denied. Paragraph 99 reflects legal argument, not facts. In any event, the third-party records are authenticated by the declaration of competent records custodians. (Doc. 136-3, p. 9); (Doc. 136-5, p. 4, 12-13).

*100. Mr. Cosmano disputes that the United States' amended factual submissions cure the evidentiary deficiencies identified in his prior responses, including lack of foundation, hearsay, late-disclosed witnesses, and reliance on Fifth Amendment invocations. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 2; Cosmano Exhibit 3.*

RESPONSE: Denied. Paragraph 100 reflects legal argument, not facts.

*101. Mr. Cosmano disputes that the United States' Amended Statement of Material Facts properly establishes the facts necessary to support summary judgment because many paragraphs rely on contested documents, declarations, and inferences that require credibility determinations and weighing of evidence. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 101 reflects legal argument, not facts.

*102. Mr. Cosmano disputes that the United States can obtain a determination of nondischargeability in the main Chapter 13 case through a motion for summary judgment rather than through an adversary proceeding. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 102 reflects legal argument, not facts. In any event, the Court has already rejected Mr. Cosmano's argument that dischargeability must be determined in an adversary proceeding, rather than in this contested matter, brought by Mr. Cosmano, in which

he raised the issue of the discharge of his tax liabilities as the basis for his objection. (Doc. 136-26 at 19:23-21:17.)

*103. Mr. Cosmano contends that dischargeability must be determined, if at all, in an adversary proceeding, and that the prior adversary proceeding was dismissed and remains closed. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.*

RESPONSE: Denied. Paragraph 103 reflects legal argument, not facts. In any event, the Court has already rejected Mr. Cosmano's argument that dischargeability must be determined in an adversary proceeding, rather than in this contested matter, brought by Mr. Cosmano, in which he raised the issue of the discharge of his tax liabilities as the basis for his objection. (Doc. 136-26 at 19:23-21:17.)

*104. Mr. Cosmano disputes that the United States may use the prior adversary proceeding, after dismissal and closure, as the procedural vehicle for obtaining a nondischargeability ruling in this Chapter 13 case. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 104 reflects legal argument, not facts. In any event, the Court has already rejected Mr. Cosmano's argument that dischargeability must be determined in an adversary proceeding, rather than in this contested matter, brought by Mr. Cosmano, in which he raised the issue of the discharge of his tax liabilities as the basis for his objection. (Doc. 136-26 at 19:23-21:17.)

*105. Mr. Cosmano contends that the United States' nondischargeability theory was not pleaded as an affirmative defense or counterclaim in the prior adversary proceeding despite the United States having the opportunity to do so. Record basis: Cosmano Exhibit 4.*

RESPONSE: Irrelevant. The prior adversary proceeding was dismissed for lack of jurisdiction, and the United States pled its theory of nondischargeability in its response to Mr. Cosmano's claim objection. (Doc. 55); (Doc. 146-18).

*106. In the prior adversary proceeding, discovery closed before the late-disclosed witnesses were added, and Mr. Cosmano disputes any attempt by the United States to rely on those witnesses without having afforded him a fair opportunity for deposition or cross-examination. Record basis: Cosmano Exhibit 2; Cosmano Exhibit 3; Cosmano Exhibit 4.*

RESPONSE: Denied and irrelevant. The witnesses were disclosed prior to the close of discovery in the adversary proceeding. In any event, the witnesses were disclosed before this proceeding began and Mr. Cosmano has had, but not taken, the opportunity to depose them in this proceeding.

*107. Mr. Cosmano disputes that summary judgment may be entered for the United States on disputed issues of intent, knowledge, purpose, valuation, credibility, and alleged concealment. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 107 reflects legal argument, not a fact.

*108. Mr. Cosmano disputes that the United States' amended submissions identify any witness with personal knowledge who directly observed Mr. Cosmano erect a wall, instruct someone to erect a wall, destroy property, conceal property, or ask any appraiser to lie. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 108 reflects legal argument and characterization of evidence, not a fact. The United States' evidence shows that Mr. Cosmano, among other things, vandalized his property, and concealed the true value of his condo unit through providing appraisals based on false information about the dimensions of the unit. (Doc. 136-9 at ¶ 11); (Doc. 136-12); (Doc. 136-13); (Doc. 136-14); (Doc. 136-18); (Doc. 136-19); (Doc. 136-23 at 43:7-45:21).

*109. Mr. Cosmano disputes that the United States' evidence establishes that he knowingly used inaccurate appraisals in the Chapter 7 case, District Court lien-enforcement action, or Wilmington foreclosure litigation. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.*

RESPONSE: Denied. Paragraph 109 reflects legal argument and characterization of evidence, not a fact. The United States' evidence reflects that the condo unit's true dimensions are 2,100 square feet, with three bedrooms and three bathrooms. The appraisals were premised on the unit being 1,135 square feet, with one bedroom and one bathroom, based on information provided by Mr. Cosmano (for the Kuehn Appraisal) and the remainder of the property being

blocked by the false wall (for the Vaught Appraisal) that was never disclosed to Mr. Vaught. (Doc. 136-9 at ¶ 11); (Doc. 136-12); (Doc. 136-13); (Doc. 136-14); (Doc. 136-18); (Doc. 136-19).

*110. Mr. Cosmano disputes that the Kuehn Appraisal and Vaught Appraisal were procured or used to evade payment of taxes, and states that he believed the taxes had been discharged and that the assessments were incorrect. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12; Cosmano Exhibit 18.*

RESPONSE: Denied. Paragraph 110 reflects legal argument, not facts. The United States' evidence reflects that the condo unit's true dimensions are 2,100 square feet, with three bedrooms and three bathrooms. The appraisals were premised on the unit being 1,135 square feet, with one bedroom and one bathroom, based on information provided by Mr. Cosmano (for the Kuehn Appraisal) and the remainder of the property being blocked by the false wall (for the Vaught Appraisal) that was never disclosed to Mr. Vaught. The Kuehn Appraisal was procured prior to the entry of a bankruptcy discharge. And the entry of judgment against Mr. Cosmano rendered his liability for the IRS's assessments *res judicata*. (Doc. 136-8); (Doc. 136-9 at ¶ 11); (Doc. 136-12); (Doc. 136-13); (Doc. 136-14); (Doc. 136-16); (Doc. 136-18); (Doc. 136-19).

*111. Mr. Cosmano disputes that his defense of lien-enforcement, lien-avoidance, or foreclosure proceedings establishes a willful attempt to evade tax, because he believed the tax liabilities had been discharged or were incorrectly calculated. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 18.*

RESPONSE: Denied. Paragraph 111 reflects legal argument, not facts. The United States' evidence shows that Mr. Cosmano used false appraisals in support of an argument that the United States' liens did not attach to his property, not an argument that the liabilities were discharged (which would be irrelevant to whether the United States could collect his liabilities from enforcement of its liens on Mr. Cosmano's prepetition property). In addition, the entry of judgment against Mr. Cosmano rendered his liability for the IRS's assessments *res judicata*.

(Doc. 136-8); (Doc. 136-9 at ¶ 11); (Doc. 136-12); (Doc. 136-13); (Doc. 136-14); (Doc. 136-16); (Doc. 136-18); (Doc. 136-19).

*112. Mr. Cosmano disputes that any alleged contempt finding in the District Court determines the separate bankruptcy-law issue whether his 2007 through 2010 tax liabilities were discharged or excepted from discharge. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 112 reflects legal argument, not facts.

*113. Mr. Cosmano contends that, to the extent the United States relies on alleged post-petition conduct, such conduct does not automatically render the entire asserted tax debt nondischargeable. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 113 reflects legal argument, not facts.

*114. Mr. Cosmano contends that, if the Court were to consider any nondischargeability issue, the amount and scope of any nondischargeable debt would remain disputed. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Mr. Cosmano has not raised any challenge to the calculation of the amounts reflected in the United States' proof of claim. (Doc. 54.)

*115. Mr. Cosmano disputes that the United States has established that the entire amount asserted in Claim 3-1 or Claim 3-2 is allowable, secured, enforceable, or nondischargeable. Record basis: Cosmano Exhibit 15; Cosmano Exhibit 16; Cosmano Exhibit 17; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 115 reflects legal argument, not facts.

*116. Mr. Cosmano disputes that Claim 3-2 properly recharacterized part of the United States' claim as secured without resolving the disputed validity, enforceability, and expiration of the alleged liens. Record basis: Cosmano Exhibit 16; Cosmano Exhibit 17; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 116 reflects legal argument, not facts.

*117. Mr. Cosmano contends that the United States waited approximately twenty-eight months after dismissal of the prior adversary proceeding and approximately ten months after notice of the Chapter 13 case before raising its present nondischargeability theory in this Chapter 13 case. Record basis: Cosmano Exhibit 4.*

RESPONSE: Admitted but irrelevant.

*118. Mr. Cosmano contends that the United States has not provided an adequate explanation for its delay in seeking a nondischargeability determination after the prior*

*adversary proceeding was dismissed. Record basis: Cosmano Exhibit 4.*

RESPONSE: Admitted but irrelevant. No provision of law requires the United States to affirmatively seek a nondischargeability determination. Instead, the United States is entitled to take collection action and raise the 11 U.S.C. § 523(a)(1)(C) exception to discharge if and when Mr. Cosmano raised his Chapter 7 discharge as a defense.

*119. Mr. Cosmano contends he was prejudiced by the United States' delay because he filed the Chapter 13 case and submitted monthly payments under his proposed plan after the prior adversary proceeding was dismissed. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 119 reflects legal argument, not facts. This is also irrelevant because Mr. Cosmano made the choice to file a Chapter 13 petition without the United States having taken any collection action between the dismissal of the adversary proceeding and the Chapter 13 filing.

*120. Mr. Cosmano contends he was further prejudiced because the United States raised nondischargeability in the Chapter 13 case by motion rather than through an adversary proceeding. Record basis: Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 120 reflects legal argument, not facts. The Court has already rejected Mr. Cosmano's argument that dischargeability must be determined in an adversary proceeding, rather than in this contested matter, brought by Mr. Cosmano, in which he raised the issue of the discharge of his tax liabilities as the basis for his objection. (Doc. 136-26 at 19:23-21:17.)

*121. Mr. Cosmano disputes that the United States' Motion for Summary Judgment and Amended Statement of Material Facts identify undisputed facts entitling it to judgment as a matter of law. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 19; Cosmano Exhibit 20.*

RESPONSE: Denied. Paragraph 121 reflects legal argument, not facts.

*122. Mr. Cosmano disputes the United States' characterization that the facts supporting nondischargeability are not subject to reasonable dispute. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 20.*

RESPONSE: Denied. Paragraph 122 reflects legal argument, not facts.

*123. Mr. Cosmano disputes that the United States has presented undisputed evidence that he voluntarily, consciously, and intentionally attempted to violate a known duty to pay the 2007 through 2010 tax liabilities. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 123 reflects legal argument, not facts.

*124. Mr. Cosmano disputes that the United States has established, through admissible evidence, any causal connection between the challenged appraisals, litigation positions, or property disputes and the alleged nonpayment of 2007 through 2010 taxes. Record basis: Cosmano Exhibit 4; Cosmano Exhibit 11; Cosmano Exhibit 12.*

RESPONSE: Denied. Paragraph 124 reflects legal argument, not facts.

*125. Mr. Cosmano disputes that the United States has eliminated genuine factual disputes regarding his belief that the Waterside Drive Property was a one-bedroom unit and his belief that the appraisals reflected the unit as he understood and used it. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4; Cosmano Exhibit 5.*

RESPONSE: Denied. Paragraph 125 reflects legal argument, not facts. Mr. Cosmano has never testified, by affidavit or otherwise, that he believed that the Waterside Drive Property was a one-bedroom unit and this factual assertion is not supported by the cited documents. Indeed, he has invoked his Fifth Amendment right against self-incrimination rather than responding to direct questions about this topic. (Doc. 136-10 at 18:14-19:12, 47:4-52:10.)

*126. Mr. Cosmano disputes the United States' use of argumentative section headings and characterizations in the Amended Statement of Material Facts, including characterizations that he "peddled" skewed valuations or "willfully sabotaged" collection efforts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 19.*

RESPONSE: Denied. Paragraph 126 reflects legal argument, not facts.

*127. The section headings used by the United States are argumentative and disputed by Mr. Cosmano and do not themselves constitute facts. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 19.*

RESPONSE: Denied. Paragraph 127 reflects legal argument, not facts.

*128. Mr. Cosmano contends that the factual disputes identified in his responses to the Amended Statement of Material Facts and in this Statement of Additional Material Facts require*

*denial of the United States' second Motion for Summary Judgment. Record basis: Cosmano Exhibit 1; Cosmano Exhibit 4.*

RESPONSE: Denied. Paragraph 128 reflects legal argument, not facts.

*129. Mr. Cosmano incorporates the objections and responses set forth in his Response to the United States' Amended Statement of Material Facts as additional record support for the existence of genuine issues of material fact. Record basis: Cosmano Exhibit 1.*

RESPONSE: Denied. The statements made in Mr. Cosmano's response to the United States' Amended Statement of Material Facts are the statements of Mr. Cosmano's attorney, not evidence, given that Mr. Cosmano has never testified, by affidavit or otherwise, as to any of the factual assertions made in that (or this) document.

*130. Mr. Cosmano incorporates the factual statements, denials, admissions without waiver, and evidentiary objections set forth in his May 5, 2025 response to the United States' prior Statement of Material Facts to the extent those responses concern the same or substantially similar factual allegations. Record basis: Cosmano Exhibit 2.*

RESPONSE: Denied. The statements made in Mr. Cosmano's response to the United States' Statement of Material Facts are the statements of Mr. Cosmano's attorney, not evidence, given that Mr. Cosmano has never testified, by affidavit or otherwise, as to any of the factual assertions made in that (or this) document.

*131. Mr. Cosmano incorporates the factual statements, denials, admissions without waiver, and evidentiary objections set forth in his response to the United States' Statement of Additional Material Facts to the extent those responses concern the same or substantially similar factual allegations. Record basis: Cosmano Exhibit 3.*

RESPONSE: Denied. The statements made in Mr. Cosmano's response to the United States' Statement of Additional Material Facts are the statements of Mr. Cosmano's attorney, not evidence, given that Mr. Cosmano has never testified, by affidavit or otherwise, as to any of the factual assertions made in that (or this) document.

*132. The disputes identified in this Statement include disputes concerning admissibility, foundation, witness disclosure, Fifth Amendment inferences, Mr. Cosmano's knowledge, Mr. Cosmano's intent, the configuration and value of the Waterside Drive Property,*

*the correctness of the tax assessments, the effect of the prior discharge, the procedural propriety of the United States' request, and the scope and amount of any alleged nondischargeable debt. Record basis: Cosmano Exhibits 1 through 20.*

RESPONSE: Denied. Paragraph 132 reflects legal argument, not facts.

Respectfully submitted:

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

/s/*Bradley A. Sarnell*
BRADLEY A. SARNELL
JEFFREY N. NUÑEZ
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, DC 20044
(202) 307-1038 (Sarnell)
(202) 616-5218 (Nuñez)
Bradley.A.Sarnell@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov

Local Counsel:

ANDREW S. BOUTROS
United States Attorney

**CERTIFICATE OF SERVICE**

I, Bradley A. Sarnell, hereby certify that the foregoing *United States' Reply To Debtor James A. Cosmano's Statement Of Additional Material Facts* was filed and served on September 14, 2026, pursuant to the Bankruptcy Court's ECF system as to the ECF filers on the electronic mail notice list, or sent by U.S. mail on the same date, as follows:

James A. Cosmano (via U.S. mail)
2202 Lawrence Lane
Mount Prospect, IL 60056
*Debtor*

Paul M. Bach (via CM/ECF)
Bach Law Offices
*Attorney for Debtor*

Adam Brief (via CM/ECF)
Office of the U.S. Trustee
*Acting U.S. Trustee*

Thomas H. Hooper (via CM/ECF)
*Chapter 13 Trustee*

Nationstar Mortgage LLC (via U.S. mail)
c/o Rushmore Servicing
Attn: Bankruptcy Department
PO Box 619096
Dallas TX 75261-9741
*Creditor*

Mission Lane LLC (via U.S. mail)
by AIS Infosource, LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118
*Creditor*

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
United States Department of Justice
Civil Division, Tax Litigation Branch