UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24bk09140 |
| James Anthony Cosmano, | ) | Chapter 13 |
| Debtor. | ) | Judge Timothy A. Barnes |

TRIAL SCHEDULING ORDER

On January 6, 2025, James Anthony Cosmano (the "Debtor") filed an objection to claim(s) 3 of Department of the Treasury-Internal Revenue Department [Dkt. No. 54] (the "Objection"). On January 8, 2025, the Department of the Treasury-Internal Revenue Department (the "IRS") filed a response in opposition to the Objection [Dkt. No. 55] (the "Response"). Since then, the parties have filed a series of Motions for Summary Judgment, which were last addressed at a hearing held on November 5, 2026 (the "Hearing").

At the Hearing, the court determined it is necessary under Fed. R. Civ. P. 40, made applicable to this matter by Fed. R. Bankr. P. 7040, to schedule a trial (the "Trial").

The following provisions will govern the future course of this proceeding. The filing requirements and deadlines of this Order shall not be altered except by further order of the court upon a motion by one of the parties, which motion must be properly noticed, filed and served.

**Failure to comply with the provisions of this order may result in waiver of claims or defenses, dismissal, default, exclusion or admission of evidence, or other sanctions, as justice may require. If the court does not receive the items set forth in this Order by the deadlines set forth herein, the court may strike the trial and/or order other relief.**

1. **Trial:** The trial is set for two full days and two half days commencing at 9:00 AM to 5 PM on February 22, 2027, continuing for two half days on February 24, 2027 and February 25, 2027 commencing at 1:00 PM to 5:00 PM and a full day on February 26, 2027 commencing at 9:00 AM to 5 PM in Courtroom 744 at Everett McKinley Dirksen United States Cwwourthouse, 219 South Dearborn Street, Chicago, Illinois. An attorney who is a member of the trial bar under the provisions of Local Bankruptcy Rule 2090-1(B) shall participate in the trial.

2. **Joint Pretrial Statement:** Counsel for all parties are hereby ordered to confer and together prepare and file with the court on or before **February 17, 2027,** a *joint document* captioned "Pretrial Statement." The Pretrial Statement will contain the following information:

   a. A brief statement of the theory of each claim and each defense including a description of what the party believes the evidence at trial will show and the salient legal issues;
   b. A statement of stipulated facts in numbered paragraphs;
   c. A statement in numbered paragraphs setting out the material facts which are in

dispute;

d. Each party's list of witnesses with any objections noted, stating grounds; and

e. Each party's list of exhibits it plans to offer with objections noted, stating grounds.

3. **Individual Pretrial Briefs:** Intentionally omitted.

4. **Exhibits:** On or before **February 1, 2027,** each party shall also provide all other parties, including the court, **two paper copies** of all exhibits to be used at the trial. Each copy of exhibits shall be tendered in a binder with a tab for each exhibit pre-marked, *e.g.*, "Plaintiff's Exhibit 1." In addition, the parties must also submit **one electronic copy** of the exhibits to the court on a thumb drive, in pdf format, with each exhibit as a separate document or file labeled with the number of the exhibit, and with bookmarks for major divisions and for any attachments to the exhibit. *All physical and electronic copies submitted to the court shall be labeled with the name of the case and the party on whose behalf it is submitted.*

5. **Witnesses:** On or before **February 1, 2027,** each party shall also provide all other parties, a list of all witnesses it plans to offer at the trial. Unless otherwise ordered by the court in advance of the trial, all witnesses are required to be present in the courtroom for their testimony. Each party is responsible for issuing the requisite trial subpoenas to ensure the witnesses attendance in the courtroom for the trial.

6. **Evidentiary Objections:** Any objection to evidence shall be pled in the Pretrial Statement, unless the court orders otherwise. Separate motions *in limine* shall not be filed. All objections to evidence will be addressed by the court at the outset of the trial, keeping in mind the following practice of the court:

a. Any exhibit to which an objection is not raised in the Pretrial Statement will be received in evidence without the need to establish foundation.

b. Any objection to an exhibit (other than weight/relevance) which is **not** raised in the Pretrial Statement will be waived.

c. Whether evidence is considered by the court and what weight the court gives the evidence depends upon the party relying on such evidence and demonstrating at the trial the relevance and reliability of that evidence in relation to the party's case. If an exhibit is not mentioned by the parties at the trial, it will not be considered to be relevant by the court.

7. **Court Reporters and Transcripts:** The court uses electronic recording of matters. If the parties need a transcript of matters before the court, such transcripts are available through D&E Reporting (D.and.E.Reporting@gmail.com). If the parties require a live court reporter, they are required to arrange for and bear the cost for the same. Any such arrangements must be communicated to Judge Barnes's courtroom deputy no less than 2 business days prior to the trial.

ENTERED:

Dated: November 19, 2026

Judge Timothy A. Barnes